**In re David G. GARRAN, Debtor.**

No. 01–12676–JNF.

United States Bankruptcy Court,
D. Massachusetts.

March 15, 2002.

William Billingham, Billingham & Marzelli, Marshfield, MA, for debtor.

Kevin McRoy, Wynn & Wynn, PC, Raynham, MA, for Citizens Bank.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

## I. INTRODUCTION

The matters before the Court are 1) the Motion under 11 U.S.C. § 522(f) to Avoid Judicial Lien Impairing Debtor's Exemption in Property (the "Lien Avoidance Motion") filed by David G. Garran (the "Debtor"); 2) the Objection of Citizens Bank of Massachusetts ("Citizens") to Debtor's Motion under 11 U.S.C. § 522(f) to Avoid Judicial Lien Impairing Debtor's Exemption in Property; and 3) the Objection of Citizens to Debtor's Claim of Exemption Pursuant to Fed. R. Bankr.P. 4003(b). The Court conducted a hearing on September 12, 2001 on the Debtor's Lien Avoidance Motion and the two Objections filed by Citizens.

Two issues are before the Court for determination. The first issue is whether the Debtor is entitled to claim both his homestead exemption under Mass. Gen. Laws. Ann. ch. 188, § 1A (West 2001) as well as that of his non-debtor spouse under Mass. Gen. Laws. Ann. ch. 188, § 1 (West 2001), thereby receiving the benefit of both exemptions to the extent of $600,000. The second issue is whether the Debtor can avoid Citizens's judicial lien in whole or in part.

## II. FACTS AND PROCEDURAL BACKGROUND

The material facts necessary to decide this issue are not in dispute. Accordingly, the Court now makes its findings of fact and rulings of law in accordance with Fed. R. Bankr.P. 7052.

On August 18, 1980, Debtor and his wife, Judith Garran, purchased a single-family residence in Hingham, Massachusetts (the "Property") as tenants by the entirety. On February 26, 1996, the Debtor and his wife executed and delivered a promissory note in the amount of $50,000 to United States Trust Company. On July 27, 1999, the Debtor and Judith Garran executed and delivered another promissory note in the amount of $5,000 to United States

Trust Company. After execution of the notes, Citizens merged with United States Trust Company and succeeded to its interest.

The Debtor and his wife subsequently defaulted on both notes. As a result, on August 8, 2000, Citizens commenced an action against the Debtor (C.A. No. 0015–CV–1511) in the Brockton Division of the Trial Court of Massachusetts. On August 9, 2000, the Debtor recorded a declaration of homestead with respect to the Property pursuant to Section 1A of the Massachusetts Homestead Act as a disabled person. *See* Mass. Gen. Laws. ch. 188, § 1A (West 2001)(hereinafter "G.L. c. 188, § 1A"). The Debtor attached the requisite statement from his physician indicating that he is disabled, thus qualifying for protection as a disabled person under the statute. *See* G.L. c. 188, § 1A; *Shamban v. Masidlover*, 429 Mass. 50, 52, 705 N.E.2d 1136, 1138 (1999).

Citizens proceeded with its action against the Debtor. On August 18, 2000, the Brockton District Court allowed Citizens's request for a Writ of Attachment. Citizens perfected the Writ of Attachment on August 29, 2000 by causing it to be recorded in the Plymouth County Registry of Deeds, effectively attaching "all the right, title and interest" that the Debtor had in the Property. After obtaining a judgment against the Debtor on December 11, 2000, Citizens obtained an execution in the amount of $59,697.50. It recorded the execution in the Plymouth County Registry of Deeds on December 20, 2000.

On February 21, 2001, approximately two months after Citizens recorded its execution, the Debtor's spouse, Judith Garran, who is not a debtor in this case, recorded a declaration of homestead on the Property under Section 1 of the Massachusetts Homestead Act. *See* Mass. Gen. Laws. ch. 188, § 1 (West 2001)(hereinafter "G.L. c. 188, § 1").

On April 2, 2001 the Debtor filed a voluntary Chapter 7 petition. On his Schedule A–Real Property, the Debtor stated that he holds an interest in the Property as a tenant by the entirety with a value of $560,000. In addition, on his Schedule C–Property Claimed As Exempt, the Debtor, pursuant to 11 U.S.C. § 522(b), elected the state exemptions and claimed the protection of both his homestead exemption under G.L. c. 188, § 1A and his non-debtor spouse's homestead exemption under G.L. c. 188 § 1 in the sum of $600,000. On Schedule D–Creditors Holding Secured Claims, the Debtor, in addition to Citizens's claim, listed the following encumbrances on the Property: 1) a mortgage to South Shore Savings Bank in the amount of $147,163.48; and 2) a second mortgage to South Shore Savings Bank in the amount of $47,694.43.

The parties agree that the exact amount of Citizens' lien is $62,739.79, which represents the judgment amount plus interest at 12% from December 20, 2000 to April 2, 2001, the date the Debtor filed his Chapter 7 petition. As the liens encumbering the Property total $257,597.70, the equity in the Property is $302,402.30.

Citizens filed an Objection to the Debtor's Claim of Exemption Pursuant to Fed. R. Bankr.P. 4003(b).[1] In its Objection,

1. Rule 4003(b) provides the following:

(b) A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered

Citizens maintained that the Debtor is not entitled to assert the homestead exemption of his non-Debtor spouse.[2]

On July 9, 2001, the Debtor filed the Lien Avoidance Motion seeking to avoid Citizens's lien in its entirety. Applying the formula under § 522(f)(2)(A), the Debtor concluded that Citizens's lien impaired his claimed $600,000 exemption, resulting in avoidance of the entire lien. In its Objection, Citizens challenged the Debtor's claim of a $600,000 exemption on the ground that the Debtor is not entitled to assert both his exemption and that of his non-debtor spouse. Citizens maintained that only one owner may acquire an estate of homestead and that the Debtor's spouse may not assert an exemption in the subject property pursuant to 11 U.S.C. § 522($l$) as the Debtor has claimed his own exemption.

In its Objection to the Lien Avoidance Motion, Citizens reiterated its position that the Debtor is only entitled to the benefit of one exemption, and, therefore, he did not correctly apply the formula under § 522(f)(2)(A) as required by MLBR 4003–1(b). Thus, in its view, its judicial lien is not avoidable.

## III. ANALYSIS

### A. *"Stacking"*

The threshold issue presented is whether the Debtor is entitled to claim the benefit of both his exemption filed under G.L. c. 188, § 1A and his non-debtor spouse's exemption filed under G.L. c. 188, § 1. In colloquial terms, the issue is whether the Debtor can "stack" his wife's subsequent Section 1 exemption onto his Section 1A exemption.

In the District of Massachusetts, a debtor may exempt property from the bankruptcy estate under federal law, i.e., 11 U.S.C. § 522(d), or may elect the exemptions available under state law. *See* 11 U.S.C. § 522(b)(1); *In re Leicht*, 222 B.R. 670, 672 (1st Cir. BAP 1998). Section 522 provides that "an individual debtor may exempt from property of the estate ... any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(2)(A). The purpose of the section is to give states the opportunity to substitute their own judgment for that of Congress in deciding the exemptions to afford its residents. *See In re Geise*, 992 F.2d 651, 658 (7th Cir.1993). Massachusetts law has established two homestead exemptions: Section 1 and Section 1A. *See Masidlover*, 429 Mass. at 52, 705 N.E.2d at 1138. Under Massachusetts law, a claimant must file a declaration of homestead as the homestead is not an automatic right. *See In re Messia*, 184 B.R. 176, 177 (Bankr.D.Mass.1995). In this case, the Debtor chose the state exemptions.

According to G.L. c. 188, § 1,

> An estate of homestead to the extent of $300,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence . . . .

G.L. c. 188, § 1. Section 1 further provides:

> For the purposes of this chapter, an owner of a home shall include a sole

---

or mailed to the trustee, the person filing the list, and the attorney for that person. Fed. R. Bankr.P. 4003(b).

**2.** In its Objection, Citizens did not object to the Debtor's claim of exemption in the sum of $300,000, despite the recordation of its judicial lien prior to the effective date of the amendment. Accordingly, the Court shall not address this issue. *See* 11 U.S.C. § 522($l$); Fed. R. Bankr.P. 4003(c).

owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word 'family' shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

*Id.* Subsection 1A provides, in part, as follows:

Each individual having an ownership interest in the real property or manufactured home which serves as that individual's principal residence and who qualifies under the provisions of this section shall, upon filing of an elderly or disabled person's declaration of homestead protection, be eligible for protection of such ownership interest up to a maximum of $300,000 per individual, regardless of whether such declaration is filed individually or jointly with another.

\*　　\*　　\*　　\*　　\*　　\*

The elderly or disabled person's estate or claim of homestead shall be terminated upon the sale or transfer of the real property or manufactured home during the declarant's lifetime or upon the sale or transfer of the declarant's interest in the real property or manufactured home during the declarant's lifetime or upon the death of the surviving declarant. An elderly or disabled person's estate of homestead created by this section shall be terminated during the lifetime of the declarant by deed conveying the property in which such an estate of homestead exists signed by the declarant; or by a release of the elderly or disabled person's estate of homestead, duly signed, sealed and acknowl-

edged by the declarant and recorded in the registry of deeds for the county or district in which such real estate is located; or by a release of the elderly or disabled person's claim of homestead, duly signed, sealed and acknowledged by the declarant and filed in the city or town clerk's office in the city or town in which the manufactured home is located; *or pursuant to section two.*

G.L. c. 188, § 1A (2001)(emphasis added).

Section 2 of G.L. c. 188 provides the means for acquiring a homestead, requiring that the homestead be declared in a deed or a separate writing and recorded in the registry of deeds. In addition, Section 2 provides that: "[t]he acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate." G.L. c. 188, § 2. Thus, the last paragraph of Section 1A provides that an elderly or disabled person's estate or claim of homestead may be terminated by four different methods: 1) the sale of the property or of the declarant's interest; 2) a deed conveying the property; 3) a release by the declarant of the estate of homestead; or 4) the acquisition of a new estate or claim of homestead *pursuant to section two.*

■ The stacking issue is one of first impression in this district. In order to determine if Debtor is entitled to the benefit of both exemptions, the Court must interpret the interplay of the various sections of the Massachusetts Homestead Act. This task is made more difficult because of the absence of legislative history to the amendments made to the homestead statute in 2000. In determining the extent of the Debtor's exemption, the Court, guided by the language of the statutes and by decisions of the Massachusetts Supreme Judicial Court in cases interpreting the homestead statutes, must predict what the Supreme Judicial Court would do if con-

fronted with the issue. *See In re Miller,* 113 B.R. 98, 101 (Bankr.D.Mass.1990).

■ In *Dwyer v. Cempellin,* 424 Mass. 26, 673 N.E.2d 863 (1996), the Supreme Judicial Court enunciated a liberal policy of interpreting the homestead statute in favor of its protection of the family residence from the claims of creditors, stating that "[h]omestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition," 424 Mass. at 29, 673 N.E.2d 863, adding that "homestead exemption[s] should be construed liberally in favor of the debtor[ ]." *Id.* at 30, 673 N.E.2d 863. Despite this liberal policy, the validity of a homestead declaration must be resolved by analyzing compliance with the statutory language in effect a the time of the homestead declaration. *Id.* at 27, 673 N.E.2d 863.

■ Section 1 of G.L. c. 188, refers to the homestead exemption as an "estate in homestead." A declaration under Section 1 protects the entire equity in the property remaining after deduction of encumbrances from the fair market value, as opposed to only the debtor's interest. *See In re Ballirano,* 233 B.R. 11, 14 (Bankr. D.Mass.1999). A debtor is entitled to claim a Section 1 homestead exemption based upon a non-debtor spouse's declaration of a homestead under G.L. c. 188, § 1 because the entire equity is exempt. *See In re Sebio,* 237 B.R. 1, 3 (Bankr.D.Mass. 1999) (citing *Ballirano,* 233 B.R. at 14).

A Section 1A homestead protects *individuals* who are elderly or disabled. Section 1A, however, also refers to the exemption as an "estate or claim of homestead," as well as an "estate of homestead." The language of Section 1A, "each individual ... shall ... be eligible for protection ... up to a maximum amount of $300,000," would appear to allow more than one elderly or disabled person to each claim a homestead for the same property provided they qualify as an elderly or disabled person. Notwithstanding this language, the last sentence of G.L. c. 188, § 1A, which describes the methods of terminating an elderly or disabled person's homestead, specifically incorporates the provisions of G.L. c. 188, § 2. As noted above, Section 2 provides that the acquisition of a new estate or claim of homestead defeats and discharges a prior homestead estate. Accordingly, the Court concludes that the plain meaning of Sections 1A and 2 is that a subsequent declaration of homestead under Section 1 defeats a prior homestead declaration under Section 1A because, by its own terms, a Section 1A declaration is an estate of homestead.

■ In the present case, the declaration of homestead by the Debtor's non-debtor spouse under Section 1 terminated and extinguished the Debtor's Section 1A homestead. Therefore, the Debtor is not entitled to stack both his and his spouse's homestead declarations. Because the Debtor is entitled to claim the benefit of his spouse's declaration, however, he is entitled to a homestead exemption in this case in the sum of $300,000.[3]

---

**3.** The amendments made to the Homestead Act in 2000 also subordinated the increased amount of the exemption to any "lien, right or interest" recorded or filed before the effective date of the amendment. St. 2000 c. 174, § 3. Thus, because Citizens obtained its judicial lien on August 18, 2000, prior to the recordation by the Debtor's spouse of her homestead

declaration and before the effective date of the amendment, arguably the Debtor's exemption is limited to $100,000. The Court must reject this argument for procedural and substantive reasons. First, as a procedural matter, Citizens did not make this assertion in either its Objection to the Debtor's claim of homestead, or in its Objection to the Lien

## B.  *Lien Avoidance*

█ Having liquidated the amount of the Debtor's homestead exemption, the next issue presented is the extent to which the Debtor is entitled to avoid Citizens's judicial lien.  Section 522(f)(1) permits a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption [of the debtor.]"  11 U.S.C. § 522(f)(1).  Further, § 522(f)(2)(A) provides that a judicial lien "impair[s] an exemption" to the extent that the targeted lien, in combination with the other liens and the value of the debtor's exemption, exceeds the value of the debtor's property.  11 U.S.C. § 522(f)(2)(A).[4]  Thus, excess equity over the amount of any mortgages and statutory liens and the claimed exemption is preserved for a judicial lienholder.  *See In re Silveira*, 141 F.3d 34, 38 (1st Cir.1998).  A lien is voidable in its entirety if there is no equity available in excess of the debtor's exemption and all non-judicial liens.  *Id.* at 39.

█ Applying the statutory formula under 11 U.S.C. § 522(f)(2)(A) to the facts of this case,[5] the Court finds as follows.  The sum of the targeted judicial lien ($62,-

739.79), the first mortgage ($147,163.48), the second mortgage ($47,694.43), and the Debtor's exemption ($300,000) total $557,597.70.  As the value of the Property in an unencumbered state is $560,000, the sum of the liens and the exemption is less than the Property's value.  Based upon application of the statutory formula, the amount of liens and the exemption does not exceed the value of the Property, and there is no impairment of the judicial lien.

## IV.  CONCLUSION

In accordance with the foregoing, the Court shall enter an order sustaining Citizens's Objections and denying the Debtor's Lien Avoidance Motion.

### ORDER

In accordance with the Memorandum dated March 15, 2002, the Court hereby sustains the Objection of Citizens Bank of Massachusetts to Debtor's Motion under 11 U.S.C. § 522(f) to Avoid Judicial Lien Impairing Debtor's Exemption in Property and the Objection of Citizens Bank of Massachusetts to Debtor's Claim of Exemption Pursuant to Fed. R. Bankr.P. 4003(b) and denies Debtor's Motion under 11 U.S.C.

---

Avoidance Motion, and thus the Court is precluded from addressing this issue.  *See* 11 U.S.C. § 522(*l*)("[u]nless a party in interest objects, the property claimed as exempt on such list [Schedule C] is exempt"); Fed. R. Bankr.P. 4003(c)("the objecting party has the burden of proving that the exemptions are not properly claimed").  Secondly, as a matter of substance, the subordination clause of St.2000 c. 174, § 3 is not applicable in bankruptcy cases as it is preempted by 11 U.S.C. § 522(c).  *See In re Betz*, 273 B.R. 313 (Bankr.D.Mass.2002).  Therefore, in this case, the Debtor is entitled to a $300,000 homestead exemption.

4.  Section 522(f)(2)(A) provides the following:
    (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,
(ii) all other liens on the property;  and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

5.  The Court has utilized the amounts of the judicial lien, mortgages, and value of the property according to the amounts as stated by the Debtor in his Lien Avoidance Motion, which Citizens has not disputed.  The Debtor's interest as a tenant by the entirety for the purposes of the section 522(f) analysis is valued at one hundred percent.  *See In re Snyder*, 249 B.R. 40, 46 (1st Cir. BAP 2000).

§ 522(f) to Avoid Judicial Lien Impairing Debtor's Exemption in Property.