280 B.R. 291 (2002)
David G. GARRAN, Appellant,
v.
CITIZENS BANK OF MASSACHUSETTS, Appellee.
In re David G. Garran, Debtor.
Civ.A. No. 02-10833-EFH.
United States District Court, D. Massachusetts.
July 10, 2002.
*292 William G. Billingham, Billingham & Marzelli, Marshfield, MA, for David G. Garran.
Kevin McCrory, Wynn & Wynn, Raynham, MA, for Citizens Bank of Massachusetts.

MEMORANDUM AND ORDER
HARRINGTON, Senior District Judge.
The facts giving rise to this appeal are undisputed, and are fully set forth in the Bankruptcy Court's decision, In re Garran, *293 274 B.R. 570 (Bankr.D.Mass.2002). On August 9, 2000, David G. Garran, the debtor, recorded a declaration of homestead as a disabled person pursuant to Section 1A of the Massachusetts Homestead Act, General Laws, Chapter 188, on the home he owns with his spouse, Judith Garran, as tenants by the entirety. On February 21, 2001, Mrs. Garran, who is not a debtor in this case, recorded a declaration of homestead on the same property under Section 1 of the Homestead Act. At issue here is whether each spouse is entitled to a $300,000 exemption, for a total exemption on the property of $600,000, or whether the subsequent declaration of homestead by Mrs. Garran under Section 1 voids Mr. Garran's declaration under Section 1A, leaving a single $300,000 exemption. The Bankruptcy Court, construing the statute, ruled that the subsequent declaration of exemption under Section 1 voids the previous declaration under Section 1A, pursuant to Section 2 of the Act. The debtor appealed the Bankruptcy Court's ruling to this Court. This Court affirms the decision of the Bankruptcy Court.
This issue has not been decided by the Supreme Judicial Court, so this Court must predict what the Supreme Judicial Court would do if presented with this issue. In re Miller, 113 B.R. 98, 101 (Bankr.D.Mass.1990). Where ambiguous, the homestead statute is construed liberally in favor of the debtor. Dwyer v. Cempellin, 424 Mass. 26, 30, 673 N.E.2d 863 (1996). Where the statutory language is clear, however, the Court will give the language its plain and ordinary meaning. Bay State Gas Co. v. Local No. 273, Util. Workers Union of Am., 415 Mass. 72, 75-76, 611 N.E.2d 249 (1993).
Under the Massachusetts Homestead Act, General Laws, Chapter 188, only one owner may acquire an estate of homestead in a home for the benefit of his family, and this may be acquired only on one principal residence for the benefit of a family. Mass.Gen.L. ch. 188, § 1. The word "family" includes either a parent and child or children, a husband and wife and their children, if any, or a sole owner. Id. Under Section 1, an owner may acquire a protected interest in a home of up to $300,000. Id. Under Section 1A, each qualifying elderly or disabled individual having an ownership interest in property is eligible for protection of up to $300,000 per individual, regardless of whether such declaration is filed individually or jointly with another. Mass.Gen.L. ch. 188, § 1A. A declaration of homestead under Section 1A may be terminated pursuant to Section 2. Id. Section 2 provides that "[t]he acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate." Mass.Gen.L. ch. 188, § 2.
Under this statutory framework, Mr. Garran properly claimed his estate of homestead under Section 1A on August 9, 2000. When Mrs. Garran subsequently claimed a homestead exemption under Section 1 on February 21, 2001, that claim was for the benefit of her family, including Mr. Garran. The acquisition of this new claim of homestead under Section 1, which benefits and includes Mr. Garran, automatically discharges Mr. Garran's previous claim of homestead under Section 1A, pursuant to Section 2. This is consistent with the rule throughout Chapter 188 that only one owner may acquire an estate of homestead in a home for the benefit of his family. Therefore, Mr. Garran may claim only the $300,000 exemption provided for under Section 1.
Because the remaining issues raised in the debtor's appeal were contingent on a contrary interpretation of this statute, the Court does not address them, and affirms the Bankruptcy Court's decision on said *294 issues for the reasons set forth in that decision.
SO ORDERED.