# United States Court of Appeals
## For the First Circuit

No. 02-2033

IN RE DAVID G. GARRAN,
Debtor.

DAVID G. GARRAN,
Appellant,

v.

SMS FINANCIAL V, LLC, ASSIGNEE OF
CITIZENS BANK OF MASSACHUSETTS,
Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

William G. Billingham, with whom Billingham & Marzelli were on brief, for appellant.
Kevin P. McRoy, with whom Thomas E. Pontes and Wynn & Wynn, P.C. were on brief, for appellee.

July 28, 2003

**LIPEZ, Circuit Judge**.  In this bankruptcy appeal arising from a Chapter 7 proceeding, we are asked to determine whether two Massachusetts homestead exemptions can be "stacked" to permit a double exemption for a debtor who claims on the basis of such stacking that a judicial lien impairs the value of his exemption. Citizens Bank of Massachusetts holds a judicial lien on the property owned by David Garran, the debtor in this petition, and his wife.  At issue is whether David Garran is entitled to claim both his $300,000 exemption as a disabled person, pursuant to Mass. Gen. Laws Ann. ch. 188, § 1A (West Supp. 2003), and the $300,000 exemption of his non-debtor spouse, pursuant to Mass. Gen. Laws Ann. ch. 188, § 1 (West Supp. 2003).  If Garran can "stack" the exemptions and claim, in total, the $600,000 homestead exemption, he will be able to avoid entirely Citizens' judicial lien on the property.  Applying the plain language of the Massachusetts statutes, we affirm the decision of the district court affirming the bankruptcy court's denial of Garran's motion to avoid the judicial lien.

## I.

The material facts of this case are undisputed.  David Garran owns a single-family home in Hingham, Massachusetts, in Plymouth County, as a tenant by the entirety[1] with his wife,

---

[1] A tenancy by the entirety is a "joint tenancy that arises between husband and wife when a single instrument conveys realty to both of them but nothing is said in the deed or will about the

-2-

Judith.  In February 1996, David Garran executed and delivered a promissory note for $50,000 to the United States Trust Company. Three years later, Garran executed another promissory note to the United States Trust Company in the amount of $5,000. Citizens Bank of Massachusetts ("Citizens") is the successor in interest to the notes.

In August 2000, Citizens commenced an action against David Garran in the Superior Court of Massachusetts subsequent to Garran's default under the two promissory notes.  Citizens also obtained a writ of attachment against the Hingham property on August 18, 2000, and perfected that writ on August 29, 2000, by recording it in the Plymouth County Registry of Deeds.  After the court entered judgment in favor of Citizens on the promissory notes, Citizens recorded the execution on the Hingham property in the amount of $59,697.50.[2]  On August 9, 2000, Garran recorded a declaration of homestead on the Hingham property as a disabled person pursuant to Mass. Gen. Laws ch. 188, § 1A.  Judith Garran[3] later recorded a declaration of homestead on the same property pursuant to Mass. Gen. Laws ch. 188, § 1.

---

character of their ownership."  Black's Law Dictionary 1477 (7th ed. 1999).

[2] The judgment included the $55,000 value of the promissory notes plus interest.  On April 2, 2001, the date Garran filed for bankruptcy, the value of Citizens' lien on the property was $62,739.79.

[3] Judith Garran is not a debtor in this case.

-3-

On April 2, 2001, Garran filed a Chapter 7 petition for bankruptcy. In Schedule A (Real Property) of his petition, he listed the Hingham property as having a value of $560,000. In Schedule C (Property Claimed as Exempt), Garran listed two homestead exemptions under Massachusetts state law -- his § 1A exemption for $300,000 and his wife's § 1 exemption for $300,000 -- thereby seeking a total exemption of $600,000 on the Hingham property.

Citizens filed an Objection to the Debtor's Claim of Exemption, arguing that Garran could claim only one of the state law homestead exemptions. Garran filed a motion under 11 U.S.C. § 522(f) (2003) seeking to avoid Citizens' judicial lien, claiming that it impaired his exemption in property. Citizens objected to the motion. The bankruptcy court ruled that Garran could claim only the later filed homestead exemption of his wife, thereby limiting him to a $300,000 homestead exemption. In re Garran, No. 01-12676-JNF, slip op. at 10 (Bankr. D. Mass. Mar. 15, 2002). Concluding that Citizens' judicial lien did not impair this $300,000 exemption, the court denied Garran's motion to avoid the lien. Id. at 12. On appeal, the district court affirmed. Garran v. Citizens Bank of Mass. (In re Garran), No. 02-10833-EFH, slip. op. at 3 (D. Mass. July 10, 2002). Garran now appeals.

We review the decision of the bankruptcy court directly, affording de novo review to the court's resolution of the legal question presented. Rutanen v. Baylis (In re Baylis), 313 F.3d 9, 16 (1st Cir. 2002).

A debtor is permitted to exempt a limited amount of certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522(b) (2003) to protect those types of assets from creditors. As part of the bankruptcy petition, a debtor must file a list of property claimed as exempt. 11 U.S.C. § 522(l); Bank. R. 4003(a). In Massachusetts, a debtor can choose between the federal exemptions -- those listed in § 522(d) -- or the exemptions enumerated in state law. Patriot Portfolio v. Weinstein (In re Weinstein), 164 F.3d 677, 679 (1st Cir. 1999); see also § 522(b)(2)(A) (permitting a debtor to select either federal or state exemptions). Garran chose the state exemptions.

Along with exemptions for certain types of personal property, Massachusetts law has established two homestead exemptions. Under § 1 of the Homestead Act, any owner of a home may acquire "[a]n estate of homestead to the extent of $300,000 in the land and buildings." Mass. Gen. Laws Ann. ch. 188, § 1. Entitlement to a homestead exemption is not automatic under Massachusetts law. An owner of property must file the necessary declaration of homestead before the exemption can be claimed. Id.

§ 2.  Garran's wife filed the necessary declaration of homestead as an owner of the Hingham property.  Only one member of a family is permitted to file a declaration under § 1, and the filing of any member of a family protects the entire family.  Id. § 1.

The other type of homestead exemption is available only to the elderly and disabled.  According to § 1A, "[t]he real property or manufactured home of . . . a disabled person, as herein defined, shall be protected against attachment, seizure or execution of judgment to the extent of $300,000."  Garran filed the necessary declaration of homestead under § 1A.  A declaration of homestead under this section is available only to individuals; a declaration filed by one member of a family will not protect the non-filing members of that family.  The parties do not dispute Garran's disability status.

Once property is exempted under § 522(b), it is immunized from creditors while the outstanding debts are being discharged in bankruptcy.  See Owen v. Owen, 500 U.S. 305, 308 (1991) (explaining the concept of exemptions).  A bankruptcy discharge, though, voids only those judgments "to the extent that such judgment is a determination of the personal liability of the debtor."  11 U.S.C. § 524(a)(1).  Since a judicial lien attached to property is a liability in rem, it is not routinely discharged at the conclusion of the bankruptcy case.  Wrenn v. Am. Cast Iron Pipe Co. (In re Wrenn), 40 F.3d 1162, 1164 (11th Cir. 1994).  However, because

-6-

judicial liens may interfere with the "fresh start" the Bankruptcy Code seeks to give debtors, such liens may be avoidable under a separate provision of the Bankruptcy Code, § 522(f).

That provision permits a debtor to avoid a judicial lien to the extent it "impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). Pursuant to this section, the debtor can avoid a particular judicial lien if, in order to satisfy it, he would have to use assets he is otherwise entitled to set aside from the bankruptcy estate as exemptions. Section 522(f)(2) establishes a formula for determining whether a lien impairs an exemption:

> [A] lien shall be considered to impair an exemption to the extent that the sum of --
>       (i) the lien;
>       (ii) all other liens on the property; and
>       (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Id. § 522(f)(2)(A). See Snyder v. Rockland Trust Co. (In re Snyder), 279 B.R. 1, 4 (B.A.P. 1st Cir. 2002). Avoidance of judicial liens under § 522(f) is not an "all-or-nothing matter"; a debtor is permitted to avoid only that portion of the judicial lien that infringes upon the exemption to which he is entitled. East Cambridge Savings Bank v. Silveira (In re Silveira), 141 F.3d 34, 35-36 (1st Cir. 1998). If the judicial lien does not impair the

-7-

exemption -- if the value of the property is greater than the sum of the liens attached to it and the exemption -- then the debtor cannot avoid the lien and it will remain attached to the property.

Garran filed a motion to avoid Citizens' judicial lien on the Hingham property in its entirety on the ground that it impaired the homestead exemptions to which he was entitled. At the time the motion was filed, Citizens' lien on the property (component (i) of the formula) was valued at $62,739.79. In addition to this lien, there were two mortgages on the property with a combined value of $194,857.91 (component (ii) of the formula). In order to determine whether the sum of the liens and the exemptions exceeds the value of the property, we must determine "the amount of the exemption that the debtor could claim." § 522(f)(2)(A)(iii). This is the single issue of dispute in this appeal.[4]

### III.

As the Massachusetts courts have not yet addressed the interplay between a § 1 exemption declared by a non-debtor spouse and a § 1A exemption declared by a debtor, we must predict how the Massachusetts Supreme Judicial Court would interpret the statute. Caron v. Farmington Nat'l Bank (In re Caron), 82 F.3d 7, 9 (1st Cir. 1996). Because homestead laws are "designed to benefit the

---

[4] Whether Garran is entitled to a $600,000 or a $300,000 exemption will determine whether Citizens' lien is avoided entirely or not at all. The table in the Appendix outlines the differing calculations the parties propose under § 522(f)(2)(A).

homestead declarant and his or her family by protecting the family residence from the claims of creditors," Massachusetts courts have "construed the State homestead exemptions liberally in favor of debtors." Shamban v. Masidlover, 705 N.E.2d 1136, 1138 (Mass. 1999). Nevertheless, liberal construction does not mean that courts can extend the protection of the homestead exemptions when doing so would contradict the "plain and unambiguous" language of the statute. See id. at 1139 (finding the debtor's homestead declaration invalid for failure to file the proper documentation as the statute explicitly required). Consequently, we must turn to the words of the statute in question.

> Section 1 states, in pertinent part:
>
> An estate of homestead to the extent of $300,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. . . .
>
> . . . .
>
> For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family. . . .

Mass. Gen. Laws Ann. ch. 188, § 1. Section 1A states, in pertinent part:

> The real property or manufactured home . . . of a disabled person, as herein defined, shall be protected against attachment, seizure or

> execution of judgment to the extent of $300,000; provided, however, that such person has filed [a] . . . disabled person's declaration of homestead protection . . . .
>
> Each individual having an ownership interest in the real property or manufactured home which serves as that individual's principal residence and who qualifies under the provisions of this section shall, upon filing of an elderly or disabled person's declaration of homestead protection, be eligible for protection of such ownership interest up to a maximum amount of $300,000 per individual, regardless of whether such declaration is filed individually or jointly with another.
>
> . . . .
>
> <u>The . . . disabled person's estate or claim of homestead shall be terminated . . . pursuant to section two</u>.

Id. § 1A (emphasis added). Regarding the acquisition and termination of homesteads, the pertinent part of section two states:

> To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated. . . . <u>The acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate.</u>

Id. § 2 (emphasis added).

Citizens argued before the bankruptcy court that § 2 ensures that no individual can claim more than one homestead

exemption by stating that the acquisition of a new claim of homestead defeats and discharges a previously-filed claim of homestead. The court agreed with Citizens, holding that the plain language of § 2 meant that Garran's § 1A declaration and corresponding homestead exemption was defeated and discharged by his wife's subsequent § 1 declaration. We agree that this is the proper reading of the statutory language.

Garran's wife filed a declaration of homestead under § 1 on February 21, 2001. The declaration of homestead under § 1 is an acquisition of a homestead "for the benefit of [the] family." Id. § 1. Therefore, by his wife's filing of a § 1 declaration, Garran, as her spouse and member of her family, "acquired" a homestead on February 21, 2001. See In re Roberts, 280 B.R. 540, 547 (Bankr. D. Mass. 2001) (recognizing that a "declaration filed under subsection 1 protects even the non-filing debtor"). Section 2 states that "the acquisition of a new . . . claim of homestead" discharges any such previous estate. Therefore, Garran's acquisition of a new homestead on February 21, 2001, through his wife's filing, defeated his prior declaration of homestead filed pursuant to § 1A on August 9, 2000. The fact that the homesteads were acquired under different sections is irrelevant, as § 1A states explicitly that a homestead declared under that section "shall be terminated" pursuant to § 2, the same provision that governs the acquisition and discharge of § 1 homesteads. Even though the language of § 2

existed prior to the enactment of § 1A, the specific invocation of § 2 in the text of § 1A indicates that the drafters were aware of the existing termination procedures and intended them to apply to the newly amended portions of the statute.

Garran suggests that § 2 does not apply when a new declaration of homestead is filed on the same property -- that an "acquisition of a new estate or claim of homestead" means a "new estate or claim of homestead on a new home or piece of property." Certainly § 2 would have the effect of discharging a prior declaration of homestead on an old home when a Massachusetts resident purchases a new home and files a new declaration of homestead. But there is nothing in the statute that limits § 2 to a new home purchase situation. Given that Judith Garran had not previously declared a homestead on the Hingham property, her filing under § 1 was a new "claim of homestead" under § 1, just as it would have been if she had purchased a new home.

Alternatively, Garran argues that the statutes must be interpreted as permitting a disabled person to stack the § 1 and 1A exemptions because the purpose of enacting § 1A was to provide additional protection in bankruptcy to those who qualify for a § 1A exemption. But at the time of the enactment of the amendment, § 1A did provide an extra benefit to disabled debtors. Prior to the 2000 amendments to the homestead statutes, §§ 1 and 1A provided different levels of exemptions -- the § 1 general homestead

-12-

exemption provided protection only up to $100,000 while the § 1A exemption provided a $200,000 exemption. Mass. Gen. Laws Ann. ch. 188, §§ 1, 1A (West 1991). The amendments in 2000 both raised the monetary value and equalized the §§ 1 and 1A exemptions. Moreover, § 1A still provides protections unavailable under § 1. Under § 1A, a debtor retains his homestead exemption even given a judgment against him based on fraud, mistake, duress, undue influence or lack of capacity, while under § 1 the debtor does not. Mass. Gen. Laws Ann. ch. 188, § 1 (West Supp. 2003). Rejecting Garran's proffered interpretation of the homestead statutes -- by holding that disabled debtors do not have the right to "stack" their § 1A exemptions onto their § 1 exemptions -- does not eliminate the value of the § 1A enactment.

**IV.**

Having predicted that the Massachusetts Supreme Judicial Court would conclude that the plain language of the Massachusetts homestead statutes prohibits the stacking of the exemption available to disabled debtors on top of the exemption available to all other residents of Massachusetts, and that Garran is entitled only to a maximum of $300,000 provided by his non-debtor spouse's declaration of homestead under § 1, we now must return to the formula laid out in 11 U.S.C. § 522(f)(2)(A) to determine whether Citizens' lien impairs Garran's homestead exemption of $300,000. The sum total of Citizens' lien at the time of the bankruptcy

-13-

petition ($62,739.79), the other liens on the property at the time of the bankruptcy petition ($194,857.91) and Garran's homestead exemption ($300,000.00) is $557,597.70. This total is less than the value of the Garrans' property at the time of the bankruptcy petition ($560,000.00). The Citizens' lien therefore does not impair Garran's homestead exemption because Garran can both satisfy the liens on the property and still retain the $300,000 homestead exemption to which he is entitled under Massachusetts law. Because the Citizens' lien does not impair Garran's exemption, it cannot be avoided under § 522(f).

**Affirmed.**

## Appendix

This table sets forth the differing calculations the parties propose under 11 U.S.C. § 522(f)(2)(A):

|  | Garran's Theory | Citizens' Theory |
|---|---|---|
| Citizens' lien (undisputed) | 62,739.79 | 62,739.79 |
| Other liens (undisputed) | 194,857.91 | 194,857.91 |
| Exemption | 600,000.00 | 300,000.00 |
| **Sum of 522(f)(2)(A)(i)-(iii)** | **857,597.70** | **557,597.70** |
| Value of property (undisputed) | 560,000.00 | 560,000.00 |
| Exemption impaired? | Yes: sum of (i)-(iii) exceeds value of property. | No: sum of (i)-(iii) does not exceed value of property. |