**In re Clarence M. CONNER and Gail C. Conner, Debtors.**

**Clarence M. Conner and Gail C. Conner, Movants,**

v.

**John Wrobel, Jr. and Leslie Wrobel, Respondents.**

No. 03–22769BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 6, 2003.

Robert R. Druzisky, Beaver, PA, for Debtors.

C. Kurt Mulzet, Raphael, Ramsden & Behers, PC, Pittsburgh, PA, for Respondents.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors Clarence and Gail Conner seek pursuant to § 522(f)(1) of the Bankruptcy

Code to avoid a judicial lien of respondents John and Leslie Wrobel. According to debtors, the lien impairs an exemption they have taken in their personal residence.

Respondents assert that the property is worth far more than debtors claim and assert that their judicial lien consequently does not impair debtors' exemption.

We find, for reasons stated in this memorandum opinion, that respondents judicial lien does not impair debtors' exemption and consequently will deny debtors' motion.

— FACTS —

Debtors, who are husband and wife, jointly own a 0.4–acre tract of land located in New Sewickley Township, Pennsylvania. A mobile home is situated on the land. They purchased the land and mobile home for $35,000.00 in 1979 and have resided there ever since.

Respondents, who own land adjacent to debtors', obtained a judgment against debtors in state court in the amount of $5,817.00 in December of 2002. The judgment was recorded immediately thereafter. Debtors apparently made no attempt to have the judgment set aside.

There are no other liens of record against the property.

Debtors filed a voluntary chapter 7 petition on March 7, 2002, at which time a chapter 7 trustee was appointed. Included among the assets listed on their bankruptcy schedules was the above tract of land and mobile home. According to debtors, the asset had a market value of $9,800.00 at the time of the bankruptcy filing. Debtors also claimed an exemption therein in the amount of $9,800.00.

Approximately seven months later, obviously after re-thinking their strategy, debtors amended their schedules to claim an exemption in the property in the amount of $34,388.00. They did not, however, amend Schedule A to indicate that the property had a value greater than $9,800.00.

Debtors also exempted all of their assets in accordance with various other provisions found at § 522(d) of the Bankruptcy Code. No objection to any of the exemptions claimed, including the amended exemption in the land and mobile home, were filed before the deadline for doing so had passed.

Debtors brought the present motion in accordance with § 522(f)(1) of the Bankruptcy Code on June 1, 2003, to avoid respondents' lien which, debtors aver, impairs the above exemption they have taken in the land and mobile home.

Respondents oppose debtors' motion. They assert that the property subject to their judgment lien has a fair market value well in excess of $40,000.00, not $9,800.00 as debtors maintain, and insist that the exemption debtors have taken therein accordingly is not impaired by the lien.

An evidentiary hearing on debtors' motion and respondents' opposition thereto was held on October 8, 2003, at which both sides were given an opportunity to present evidence on the matters at issue.

— DISCUSSION —

Section 522(f)(1) of the Bankruptcy Code provides in part as follows:

...[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien . . . .

11 U.S.C. § 522(f)(1).

■ The monetary judgment against debtors obtained by respondents represented a binding judicial determination of their respective rights and obligations. It established a debtor-creditor relationship between them and when it was recorded gave notice of that relationship to all the world. *In re Upset Sale, Tax Claim Bureau of Berks County*, 505 Pa. 327, 334, 479 A.2d 940, 943 (1984). Once it was recorded, the judgment also operated as a lien against all real property located in the county which debtors owned or in which they had an equitable interest. *Id.* (citing Pa. R.C.P. 4303(a), 1722(b) and 2737(3)). As such, the judgment at issue here qualifies as a judicial lien for purposes of the Bankruptcy Code. *See* 11 U.S.C. § 101(36).

■ Debtors, it was noted previously, have claimed an exemption pursuant to § 522(d)(1) of the Bankruptcy Code in their land and mobile home in the amount of $34,388.00. The exemption is deemed to be allowed because no party in interest objected thereto in a timely manner. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

■ Once it is exempted, property is withdrawn from the bankruptcy estate, and thus from the reach of pre-petition creditors, for the benefit of the debtor. *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). Because it attaches to the property as an *in rem* liability, a judicial lien ordinarily is not adversely affected in a bankruptcy case. *Garran v. S.M.S. Financial V*, 338 F.3d 1, 3 (1st Cir.2003). A judicial lien may, however, be avoided in accordance with § 522(f)(1) when it hinders a debtor's "fresh start". *Id.*

The formula for determining whether a judicial lien impairs an exemption is as follows:

For purposes of . . . [§ 522(f)(1)], a lien shall be considered to impair an exemption to the extent that the sum of—

(I) the lien;

(ii) all other liens in the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Except for respondents' judicial lien in the amount of $5,817.00, there are no liens against the property in which debtors have taken an exemption pursuant to § 522(d)(1).

As a general matter, the maximum exemption joint debtors may take in their personal residence is $34,850.00. *See* 11 U.S.C. §§ 522(d)(1),(m). Due to other exemptions debtors have taken in accordance with the so-called "wild card" provision found at § 522(d)(5), the maximum exemption debtors in this case theoretically may take in the absence of any liens against their residence in accordance with § 522(d)(1) is $34,388.00, the precise amount of the exemption they have taken.

It follows from the foregoing that respondents' judicial lien may *not* be avoided if the value of debtors' joint interest in their personal residence in the absence of any liens equals or exceeds $40,205.00 ($5,817.00 + $34,388.00 = $40,205.00).

The issue we must decide to resolve this matter concerns the value of debtors' personal residence. Debtors' and respondents' positions concerning its value diverge widely.

Their personal residence, debtors contend, has a market value of only $9,800.00. If this is correct, debtors may avoid respondents' judicial lien in its entirety in accordance with the above formula. Under this scenario, the sum of respondents' judicial lien and debtors' allowed exemption would exceed the value of debtors' interest in their personal residence in the absence of any liens by $30,405.00 ($40,205.00—$9,800.00 = $30,405.00).

Respondents countered at the evidentiary hearing on debtors' motion that debtors' personal residence has a value of $61,000.00 or more. If this is correct, debtors may not avoid respondents' judicial lien because the value of debtors' interest in their personal residence in the absence of any liens exceeds the total amount of respondents' judicial lien and debtors' allowed exemption in their residence by $20,795.00 ($61,000.00—$40,205.00 = $20,795.00).

At the very least, it is "peculiar" that the exemption debtors have taken in their residence ($34,388.00) exceeds what they contend is its market value ($9,800.00) by $24,588.00 ($34,388.00—$9,800.00 = $ 24,588.00). It follows from the holding of *Freeland & Kronz*, however, that debtors' claimed exemption is allowed because no party in interest, including respondents, objected thereto in a timely manner.

*Freeland & Kronz* notwithstanding, there is some judicial authority for the proposition that a lienholder whose judicial lien debtors seek to avoid in accordance with § 522(f)(1)(A) is not precluded from defending against such a motion by objecting in the § 522(f)(1)(A) matter to the amount of the exemption asserted by the debtor. *E.g., In re Schoonover*, 331 F.3d 575 (7th Cir.2003); *In re Patterson*, 275 B.R. 578 (Bankr.D.Colo.2002); *Morgan v. F.D.I.C (In re Morgan)*, 149 B.R. 147 (9th Cir. BAP 1993).

Other courts, however, have concluded that a lienholder who fails to object in a timely manner to a debtor's claim of exemption may not raise the alleged invalidity of the exemption taken as a defense to a motion brought under § 522(f)(1)(A). *E.g., In re Indvik*, 118 B.R. 993 (Bankr. N.D.Iowa 1990); *In re Caruthers*, 87 B.R. 723, 725–26 (Bankr.N.D.Ga.1988); and *In re Hahn*, 60 B.R. 69, 74–76 (Bankr. D.Minn.1986).

We need not enter this fray and take sides. The outcome here is the same under either position. Respondents have not defended against debtors' § 522(f)(1)(A) motion by challenging the propriety of the exemption in the amount of $34,388.00 debtors took in their personal residence. They instead have taken issue with debtors' contention as to the value of their personal residence.

■■ Debtors have the burden of proving that they are entitled to avoid respondents' judicial lien. *Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 73 (8th Cir. BAP 2001); *Premier Capital, Inc. v. DeCarolis (In re DeCarolis)*, 259 B.R. 467, 471 (1st Cir. BAP 2001). This they must do by a preponderance of the evidence. *In re Soost*, 262 B.R. at 74.

■ After considering all of the evidence and the entire record of this case, we conclude that the value of debtors' personal residence is $61,000.00, not $9,800.00. We so find for numerous reasons.

Debtors purchased the land and mobile home located on it in 1979 for $35,000.00. It defies belief that its value has decreased to where it is now worth only $9,800.00. Credible evidence was offered by respondents that property values in the area where debtors live are increasing, not decreasing, at the rate of three percent per year.

Debtors testified that the mobile home was in need of repair; that there were certain environmental problems; and that they could not drive to the garage located behind the mobile home because there is no road leading to it and driving across their yard to it would damage the septic system. Even if there are such "problems", it is not credible that they are severe enough to cause a decrease in value approximating seventy-two percent.

Also, while debtors undoubtedly are qualified to offer an opinion concerning the value of their property, their testimony that it is now worth only $9,800.00 lacked credibility. Said testimony in reality was not their own opinion, but instead was the opinion of an unidentified "expert" who did not testify at the evidentiary hearing. Had debtors merely testified that their "expert" told them that the property was worth $9,800.00, such testimony would have been inadmissible hearsay. The attempt to disguise their testimony as to the value of the property as though it was their own opinion was transparent.

The matter does not end there. Shortly before filing their bankruptcy petition, debtors offered to sell their property to respondents for $60,000.00. Such action undermines debtors' assertion that the property is worth only $9,800.00. We infer from debtors' action that they believed the property to be worth considerably more than $9,800.00.

Also undercutting debtors' assertion that the property is worth only $9,800.00 is the amount of the exemption they took in it. As was noted previously, debtors initially limited the amount of their exemption in the property to what they claimed was its market value. Several months thereafter, debtors amended the amount of the exemption claimed to $34,399.00. If debtors in reality believed that the property is worth only $9,800.00, we would have

to wonder whether debtors acted in good faith in taking a $34,388.00 exemption in it. We would prefer not to go down this road and question debtors' good faith.

Finally, we find credible and persuasive the testimony of respondents' expert, who testified that the property has a value of $61,000.00. He inspected the land and the exterior of the mobile home and found no glaring problems or defects that would drive down the value of the property. He also looked at comparable sales in the area during the previous two years.

We therefore conclude in light of the foregoing that the value of debtors' interest in their property in the absence of any liens against it exceeds that the sum of respondents' judicial lien and the exemption in the residence debtors would have in the absence of any liens by $20,975.00 ($61,000.00—$40,205.00 = $20,795.00). There is more than enough equity in the property to allow for respondents' judicial lien and debtors' exemption. Debtors' motion to avoid respondents' judicial lien consequently must be denied.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** at Pittsburgh this **6th** day of **November,** 2003, for reasons set forth in the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that the motion by debtors Clarence M. and Gail C. Conner to avoid the judicial lien of respondents John and Leslie Wrobel be and hereby is **DENIED.**

It is SO **ORDERED.**