**In re James Leroy LINDSEY and Debra Ann Lindsey, Debtors.**

**James Leroy Lindsey and Debra Ann Lindsey, Movants,**

**v.**

**Kathleen A. Spagnol, Respondent.**

**No. 04–24494 BM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 24, 2004.

Michael J. Seymour, Feczko and Seymour, Pittsburgh, PA, for Respondent.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors James and Debra Ann Lindsey have brought a motion in accordance with § 522(f)(1)(A) of the Bankruptcy Code to avoid a judicial lien in favor of respondent Kathleen Spagnol. Debtors contend that the judicial lien is avoidable because it impairs an exemption they have taken in their personal residence.

Respondent, who opposes the motion, contends that the value of debtors' interest in their personal residence is considerably greater than debtors maintain.

The motion will be granted in part and denied in part. We conclude that the judicial lien is avoidable in the amount of $113,453.69. The remaining $18,046.31 of the lien is not avoidable, however, and remains attached to debtors' residence.

### — FACTS —

Debtors filed a voluntary joint chapter 11 petition on April 5, 2004. The schedules attached to the petition indicate assets with a total declared value of $129,914.14 and liabilities totaling $237,325.26.

Included among the assets was a .48 acre parcel of jointly-owned real property located in Perryopolis, Pennsylvania, upon which debtors' personal residence is located. The property is listed in the schedules as having a value of $85,000.00 and as being subject to an undisputed mortgage in the amount of $51,636.03.

The property also is subject to an undisputed juridical lien in favor of respondent in the amount of $158,501.00. The judgment initially arose in October of 1997 and was revived in October of 2002.

Herbert G. Mitchell Jr., Hiller, PA, for Debtors.

Debtors have taken an exemption in the property in the amount of $33,363.97 pursuant to § 522(d)(1) of the Bankruptcy Code. The § 341 meeting of creditors was held on June 7, 2004. No creditor has objected to the exemption.

The residence was built in or about 1994 and is well maintained. Maintenance of the property has not been deferred. It is a one-story ranch-style structure covered with aluminum siding and with a deck in the rear. The basement beneath the house is 40% to 50% finished. The area of the house comprises 1,228 square feet.

Attached to the house is a two-car garage comprising 364 square feet in area with a separate entry and which was converted into additional living space at some time subsequent to 1994. Debtors aver the interior of the attached garage remains unfinished. The creditor's expert was denied access to same and, therefore, cannot confirm or deny this averment.

Debtors have made other improvements to the house. They erected a pavilion in the back yard which comprises an area of 168 square feet; in addition, they constructed a detached two-car garage behind the house in 2000 which comprises an area of 952 square feet.

The property is situated in an area zoned for commercial use and is one of several residential properties clustered together. Some of the commercial and some of the residential properties abut one another. A heavily-traveled four-lane highway runs approximately thirty feet from the front of debtors' house.

There are no environmental issues adversely affecting debtors' property.

Debtors have brought a motion seeking in accordance with § 522(f)(1) of the Bankruptcy Code to avoid respondent's judicial lien. They assert that the judicial lien impairs the exemption they have taken in their residence and therefore is avoidable.

An evidentiary hearing on the motion and respondent's objection thereto was conducted. The matter is now ready for disposition.

— **DISCUSSION** —

■ The monetary judgment respondent obtained against debtors represents a binding judicial determination of their respective rights and obligations. It established a debtor-creditor relationship that gave notice of that relationship to all the world when it was recorded. *In re Upset Sale, Tax Claim Bureau of Berks County*, 505 Pa. 327, 334, 479 A.2d 940, 943 (1984). Once it was recorded, the judgment operated as a lien against all real property which debtors owned or in which they had an equitable interest. *Id.* As such, the judgment qualifies as a judicial lien for purposes of the Bankruptcy Code. 11 U.S.C. § 101(36).

■ As was noted previously, debtors have claimed an exemption in their residence in the amount of $33,363.97 pursuant to § 522(d)(1) of the Bankruptcy Code. The exemption is allowed because no party in interest objected thereto in a timely manner. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

■ Exempted property is withdrawn from the bankruptcy estate for the benefit of the debtor and thus is placed beyond the reach of pre-petition creditors. *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

■ Because it attaches to the property as an *in rem* liability, a judicial lien ordinarily is not adversely affected in a bankruptcy case. *Garran v. S.M.S. Financial V*, 338 F.3d 1, 3 (1st Cir.2003). A judicial may be avoided in bankruptcy, however,

when it hinders a debtor's "fresh start". *Id.*

Section 522(f)(1) of the Bankruptcy Code provides in part as follows:

...[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (A) a judicial lien.

11 U.S.C. § 522(f)(1).

The rule for determining whether a judicial lien impairs the taking of such an exemption is as follows:

For purposes of ... [§ 522(f)(1) ], a lien shall be considered to impair an exemption to the extent that the sum of—

    (I) the lien;

    (ii) all other liens on the property; and

    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

    (iv) exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1).

██ Debtors have the burden of proving, by a preponderance of the evidence, that they are entitled to avoid respondent's judicial lien. *Conner v. Wrobel (In re Conner),* 300 B.R. 644, 648 (Bankr.W.D.Pa. 2003).

For purposes of § 522(f)(2)(A)(1), the term "the lien" refers in this instance to the judicial lien of respondent Kathleen Spagnol in the amount of $158,501.00.

The only "other lien" for purposes of § 522(f)(2)(A)(ii) is the undisputed mortgage against debtors' residence. Although debtors listed the amount of the mortgage lien in their schedules as $51,636.03, debtors and respondent stipulated at the evidentiary hearing that the correct amount of the lien is $53,088.72. We will use this amount in applying the standard set forth at § 522(f)(2)(A) because the parties have stipulated to it.

The maximum exemption debtors generally may take in their personal residence is $34,850.00. 11 U.S.C. § 522(d)(1). Due, however, to other exemptions debtors have taken in accordance with the so-called "wild card" exemption provided for at § 522(d)(5), the maximum exemption debtors may take in their residence in this instance is $33,363.97, which is the precise amount of the exemption they have so taken.[1]

The sum of the judicial lien debtors seek to avoid ($158,501.00), and the mortgage lien against their personal residence ($53,-088.72), and the amount of the exemption debtors could take if there were no liens against the property ($33,363.97) is $244,953.69 ($158,501.00 + $53,088.72 + $33,363.97 = $244,953.69).

██ One final determination is required before considering the extent (if any) to which respondent's judicial lien impairs the exemption to which debtors would be entitled were there no liens at all against the property: we must determine the amount of debtors' interest in the property in the absence of any liens—i.e., its fair market value. Debtors and respondent offered widely diverging testimony concerning this value.

Although debtors indicated in their schedules that the property had a value of

---

**1.** Debtors intend to retain their personal residence. They have indicated an intention to continue making regular payments on the mortgage.

$85,000.00, their expert testified at the evidentiary hearing that it had a value of $87,000.00.

Respondent's expert testified that it had a value of $135,00.00, some $48,000.00 more than debtors' expert claimed. The testimony of respondent's expert was more persuasive than that of debtors' expert, who in our estimation understated its value.

Debtors' expert grossly downplayed the significance of the well-maintained condition of the house and surrounding landscaping as well as the increase in value resulting from subsequent improvements—e.g., the two-car detached garage and pavilion. In addition, he overstated the significance of nearby commercial establishments and the proximity of the heavily-traveled four-lane highway. Debtors' property is attractive and, we believe, would sell quickly at a decent price if it were placed on the market.

As for respondent's expert, we find that his estimate as to the value of the property more accurately states its true value. This is not to say, however, that we accept his opinion that the property is worth $135,000.00 without qualification. His opinion was based on the assumption that the interior of the attached garage that had been converted into additional living space had been completed. Respondent's expert was denied access to the interior of the house when he appraised it and had no way of knowing whether the interior of the garage was finished.

Uncontroverted testimony was offered by debtor's expert, who had access to the inside of the house, that the interior of the attached garage is not finished. When confronted with this, respondent's expert adjusted his estimate as to value downward by $3,000.00 to $3,500.00. We find this adjustment reasonable and conclude that the value of debtors' property is $131,500.00 ($135,000.00—$3,500.00 = $131,500.00). The property, in other words, is worth $44,500.00 more than was claimed by debtors' expert.

We conclude in light of the foregoing that, for purposes of § 522(f)(2)(A), respondent's judicial lien does impair the allowed exemption debtors have taken in their personal residence. It was determined previously that the sum of the judicial lien, the mortgage lien against debtors' residence, and the maximum exemption debtors could take in the absence of any liens against the property is $244,953.69. This amount exceeds the value of debtors' interest in the property by $113,453.69 ($244,953.69—$131,500.00 = $113,453.69).

This determination does not conclude our analysis. It remains to be determined whether debtors may avoid respondent's judicial lien in its entirety or only in part. Neither party has addressed this issue.

Unambiguous language in §§ 522(f)(1)(A) and 522(f)(2)(A) indicates that debtors in this instance may avoid respondent's judicial lien only in part—i.e., *to the extent to which it impairs debtors' exemption in their residence.* Section 522(f)(1)(A) permits a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property "to the extent of impairment of the exemption". Section 522(f)(2)(A) provides that impairment occurs "to the extent that" the sum of the judicial lien, all other liens against the property, and the amount of the exemption a debtor could claim if there were no liens against the property exceeds the value of debtor's interest in the property in the absence of any liens.

■ Avoidance of a judicial lien is not an "all-or-nothing" occurrence. *In re Garran,* 338 F.3d at 5. Only that portion of a judicial lien which "interferes" with—i.e., impairs—the exemption is avoidable.

That portion of the judicial lien which does not so "interfere" is not avoidable. *East Cambridge Savings Bank v. Silveira (In re Silveira)*, 141 F.3d 34, 36–38 (1st Cir. 1998); *also Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 666 (6th Cir. BAP 1998).

If, on the other hand, the judicial lien does not impair the exemption at all—*i.e.*, the value of the property exceeds the sum of all the liens attached to the property and the exemption—, the judicial lien is not avoidable in any amount and remains attached to the property in its full amount. *In re Garran*, 338 F.3d at 6.

It has been determined that the sum of the judicial lien, the mortgage lien, and the maximum exemption debtors could take in the property in the absence of any liens exceeds by $113,453.69 the value of debtors' interest in the property absent the existence of any liens. This, we conclude, is the extent to which respondent's judicial lien impairs debtors' exemption and therefore is the extent to which debtors may avoid the judicial lien.

As for the remaining $18,046.31 of the judicial lien ($131,500.00—$113,453.69 = $ 18,046.31), it is not avoidable and remains attached to debtors' residence. The value of debtors' interest in the property is sufficiently great to "accommodate" this much of respondent's judicial lien before impairment as defined by § 522(f)(2)(A) occurs.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW**, at Pittsburgh this *24th* day of *August*, 2004. for reasons asserted in the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that debtors' motion to avoid the judicial lien of respondent Kathleen Spagnol is **GRANTED IN PART** and **DENIED IN PART.**

Said judicial lien is **AVOIDED** in the amount of . $113,453.69. It is **NOT AVOIDED** in the amount of $18,046.31.

It is **SO ORDERED.**