Julia DELGADO, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. No. 86–0054 (JAF).

United States District Court, D. Puerto Rico.

Jan. 23, 1987.

Beatriz Cajigas Jovet, San Juan, P.R., Carlos E. Ramos González, Legal Aid Clinic Interamerican University School of Law, for plaintiff.

Asst. U.S. Atty. Wanda Rubianes Collazo, San Juan, P.R., Daniel F. López Romo, U.S. Atty., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on appeal from a decision of the Secretary of Health and Human Services denying widow's insurance benefits under the Social Security Act. The facts of the case are as follows:

Plaintiff and the wage earner lived together as man and wife for forty years, during which they had eleven children. Together they ran a small business until the wage earner became disabled in 1968. After that time they lived on the wage earner's Social Security disability benefits until his death in 1971. Plaintiff filed an application for widow's benefits in November 1984. The Secretary found, however, that the couple had never formally married and, on the basis of this finding, denied benefits. This appeal followed.

Section 216(h) of the Act, 42 U.S.C. sec. 416(h), applies in determining family status for the purpose of Social Security benefits. As a general rule, if the relationship of a spouse is involved, the Social Security Administration will apply the law of the appropriate state to determine whether the spouse would be considered such for the purposes of the distribution of intestate personal property. The record shows that the claimant and wage earner lived together only in Puerto Rico, and the laws of Puerto Rico do not recognize common-law marriages. Art. 68, Civil Code, 31 L.P.R.A. sec. 221. Plaintiff does not dispute this.

It is the plaintiff's position that case law had developed to a point that these "common-law" spouses, or concubines, as they are referred to in the jurisprudence, are in fact allowed to share in the estate. *Caraballo Ramírez v. Acosta*, 104 D.P.R. 474 (1975); *Carrero Suárez v. Sánchez López*, 103 D.P.R. 77 (1974); *Reyes v. Merlo*, 91 D.P.R. 136 (1964); *Danz v. Suau*, 82 D.P.R. 609 (1961); *Pereles v. Martinó*, 70 D.P.R. 933 (1950); *Torres v. Roldán*, 67 D.P.R. 367 (1947).

The concept referred to by plaintiff, seen in light of the Civil Code of Puerto Rico, highlights an obvious distinction between the concubine's right under the mentioned case law *to a share of jointly-owned property* and the right which a widow or widower is afforded by way of the inheritance from the spouse's estate. *See* arts. 761–766, Civil Code, 31 L.P.R.A. secs. 2411–2416.

The practice established by jurisprudence, upon which plaintiff bases her claim, was developed for reasons of equity. It was often proven that the personal property accumulated over the years was partially or completely the result of the hard work of the concubine. In the days before sexual equality, the property was presumed to belong to the man if he was unmarried, or married to another, and the concubine had no legal claims. Equitable considerations eventually prevailed, however, and, where a concubine could prove that she actually contributed to the growth of the property, the courts began to consider it as jointly held, and determined what portion was the result of her contributions.

In the case of a legally-married couple, personal property is presumed to be jointly owned in equal proportions, *see* 31 L.P.R.A. secs. 3621, 3647, with few exceptions. Be

it remembered that Puerto Rico is a community-property jurisdiction. Therefore, that portion which a surviving spouse receives off the top of the community property—the conjugal partnership—comes by virtue of ownership, not inheritance. The Civil Code specifically states that neither husband nor wife may dispose by testament of more than his or her half of the conjugal partnership. 31 L.P.R.A. sec. 3673.

As an additional benefit, the surviving spouse is entitled by Puerto Rico law to a hereditary portion of the deceased spouse's estate. This hereditary portion, the "usufructo viudal," is regulated by articles 761 to 766, 31 L.P.R.A. secs. 2411–2416. Plaintiff points to no cases, nor do we find where, under Puerto Rico law, a concubine has ever received the widow's usufruct. Nor has plaintiff alleged that she is receiving the usufruct. It, therefore, appears that under Puerto Rico law, plaintiff is not considered a spouse for the purposes of the distribution of intestate personal property. The decision of the Secretary is AFFIRMED.

IT IS SO ORDERED.