**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT
_____

**BAP NO. PR 19-046**
_____

**Bankruptcy Case No. 15-06919-ESL**
_____

**DEBORAH ANN KERSTING,**
**Debtor.**
_____

**TIRSO R. CASTILLO MARIA,**
**Appellant,**

**v.**

**DEBORAH ANN KERSTING,**
**Appellee.**
_____

**Appeal from the United States Bankruptcy Court**
**for the District of Puerto Rico**
**(Hon. Enrique S. Lamoutte, U.S. Bankruptcy Judge)**
_____

**Before**
**Harwood, Panos, and Katz,**
**United States Bankruptcy Appellate Panel Judges.**
_____

**Eduardo J. Mayoral, Esq., on brief for Appellant.**
**Wigberto Mercado Barbosa, Esq., on brief for Appellee.**
_____

**November 19, 2020**
_____

**Katz, U.S. Bankruptcy Appellate Panel Judge.**

Tirso R. Castillo Maria (the "Appellant") holds a judicial lien on the debtor's residence arising from a judgment against the debtor and her now-deceased husband. In her bankruptcy case, the debtor moved to avoid the Appellant's judicial lien, claiming it impaired the homestead exemption to which she was entitled under Puerto Rico law. The Appellant objected to the lien avoidance motion and the claimed exemption, and then moved for summary judgment, arguing that the debtor was not entitled to exempt the full value of her residence, or to avoid his lien in its entirety, because she only owned 50% of the property. The other 50%, the Appellant claimed, belonged to the undivided probate estate of the debtor's deceased husband and, as such, it was not property of the bankruptcy estate and could not be exempted. Concluding that the debtor was entitled to exempt 100% of the value of her residence pursuant to Puerto Rico homestead law and that the Appellant's lien impaired that exemption, the bankruptcy court denied the Appellant's summary judgment request, overruled his objection to the exemption, and granted the lien avoidance motion. The Appellant appealed that order, as well as the bankruptcy court's denial of reconsideration.

For the reasons set forth below, we **AFFIRM** both orders.

## BACKGROUND

### I. Pre-Bankruptcy Events

Deborah Ann Kersting (the "Debtor") and Larry Fritz Kersting were married in 1978, forming a legal conjugal partnership. They had two children. In 1987, they purchased property located in Carolina, Puerto Rico (the "Property"), where they resided.

In 2006, the Appellant sued the Kerstings in the local court and, in September 2011, he obtained a judgment against them in the amount of $78,188.07, plus interest and attorney's fees.

2

The judgment was presented to the Puerto Rico property registry on January 5, 2012, and recorded on August 10, 2012, giving rise to a lien on the Property.

Shortly thereafter, the Kerstings executed a homestead deed with respect to the Property, which was filed in the Puerto Rico property registry on March 6, 2012, and recorded on August 10, 2012.

Mr. Kersting passed away on December 6, 2014. He died intestate and was survived by the Debtor and their two children. On January 4, 2015, Mr. Kersting's children executed a deed of "repudiation of inheritance," waiving their rights in their father's estate.

## II.     The Bankruptcy Proceedings

### A.     The Bankruptcy Filing

The Debtor filed a chapter 7 petition in September 2015. On her bankruptcy schedules, she listed a "fee simple" interest in the Property and claimed the full $115,000.00 value of the Property as exempt under P.R. Laws Ann. tit. 31, §§ 1858-1858k, known as the Puerto Rico Homestead Protection Act (the "Homestead Protection Act"). The Debtor listed two secured creditors: (1) Banco Popular de Puerto Rico with a $20,520.98 claim secured by a mortgage on the Property; and (2) the Appellant with a $78,188.07 claim secured by a judicial lien on the Property.

### B.     Appellant's Objection to Exemption

The Appellant objected to the Debtor's claimed homestead exemption ("Objection to Exemption") on the basis that the Debtor was not the sole owner of the Property and could not exempt its full value. The Debtor countered that she could exempt the full value of the Property pursuant to her rights under the Homestead Protection Act, which continued after her husband's death. She also maintained that, although 50% of the Property passed to her husband's heirs

3

(their two children), the children had repudiated their share of the inheritance and, therefore, their share of the Property passed to her by operation of law.

### C. Debtor's Motion to Avoid Lien

The Debtor also filed a motion seeking to avoid the Appellant's judicial lien under § 522(f) (the "Motion to Avoid Lien") because it impaired the homestead exemption to which she was entitled under Puerto Rico law.[1] The Appellant opposed the motion on the same grounds asserted in his Objection to Exemption—namely, that the Debtor could not exempt the full value of her homestead because she was not the sole owner of the Property.

## III. The Summary Judgment Proceedings

### A. Motion for Summary Judgment

The Appellant filed a motion for summary judgment as to both the Objection to Exemption and the Motion to Avoid Lien (the "Summary Judgment Motion"). He contended that the Debtor could not avoid his judicial lien under § 522(f) because she did not have an interest in the Property when his lien attached, as the Property was owned by the conjugal partnership rather than the individual spouses. He maintained that the Debtor had no property interest in her individual capacity until December 6, 2014, when the conjugal partnership dissolved by virtue of her husband's death. As the Debtor had no interest in the Property until *after* the lien was fixed, he claimed, § 522(f) was inapplicable.

Alternatively, the Appellant contended that, at most, the Debtor owned 50% of the Property at the time his lien attached and the remaining 50% belonged to her husband (which

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

4

would later become part of the probate estate).  Under this scenario, the Appellant claimed, the lien was unavoidable as to the 50% of the Property belonging to the Debtor's late husband.

**B.      Debtor's Opposition to Summary Judgment Motion**

In her opposition, the Debtor reasserted her position that she could exempt the full value of the Property because she and her husband had declared a valid homestead with respect to the Property while he was alive and, as she continued to reside at the Property after his death, the homestead protection continued for her benefit as the surviving spouse.  She also argued she was entitled to avoid the Appellant's lien in its entirety because she had an undivided ownership interest "prior, during and after the judicial lien's fixing date" and the lien "indubitably impair[ed]" her exemption.

**C.      Lien Avoidance Order**

On June 19, 2017, the bankruptcy court entered an Opinion and Order (the "Lien Avoidance Order"): (1) denying the Summary Judgment Motion; (2) overruling the Appellant's Objection to Exemption; and (3) granting the Motion to Avoid Lien.  See In re Kersting, No. 15-06919 (ESL), 2017 Bankr. LEXIS 1695, at *72 (Bankr. D.P.R. June 19, 2017) ("Kersting I").

As explained below, the court ruled that: (1) after the dissolution of the conjugal partnership, the Debtor owned an undivided one-half interest in the Property; (2) the remaining interest was part of an unclaimed inheritance, of which the Debtor was entitled to a quota in usufruct; (3) the Homestead Protection Act afforded the Debtor, as the surviving spouse, the right to protect the homestead against attachment, judgment, or foreclosure; (4) the Debtor held a pre-existing interest in the Property to which the Appellant's judicial lien attached; (5) modification of the Debtor's interest in the Property due to the dissolution of the conjugal

5

partnership did not affect her ability to avoid that lien under § 522(f); and (6) fixing percentages based on ownership rights was not required and the Debtor was entitled to avoid the Appellant's judicial lien in its entirety.

### 1. The Debtor's Entitlement to a Homestead Exemption

The bankruptcy court began its analysis by examining whether the Debtor had an interest in the Property as of the petition date and, if so, whether she was entitled to exempt the full value of the Property.

### (a) Debtor's Ownership Interest in the Property

The court observed that, under Puerto Rico law, all property acquired during the marriage is property of the conjugal partnership and, upon dissolution of the marriage (whether by death, divorce or otherwise), each spouse is entitled to receive one-half of the property of the conjugal partnership. Kersting I, 2017 Bankr. LEXIS 1695, at *26-28. The court concluded, therefore, that upon her husband's death, the Debtor had an undivided ownership interest in one-half of the property belonging to the conjugal partnership, including one-half of the Property. Id. at *28.

### (b) Succession and Inheritance under Puerto Rico Law

The court then examined Puerto Rico law governing succession and inheritance, and considered whether the Debtor, as the surviving spouse, had any interest in the remaining portion of the Property belonging to the probate estate. It stressed that, under Puerto Rico law, "inheritance rights are not automatically transmitted to the heir at the time of the decedent's death" and, therefore, "property of the decedent does not shift to the heir until he or she either expressly or tacitly accepts the inheritance." Id. at *30. Emphasizing there was no evidence the Debtor had accepted the inheritance, the court ruled that the remaining 50% interest in the Property was part of an unclaimed inheritance, of which the Debtor was entitled to a "quota, in

6

usufruct," as provided by Puerto Rico law.[2] Id. at *40 (citing P.R. Laws Ann. tit. 31, §§ 2411-2416).

The court further ruled, however, that regardless of the Debtor's hereditary rights under the Puerto Rico Civil Code, the Debtor could exempt the full value of the Property by virtue of the Homestead Protection Act, as discussed below.

### (c) The Puerto Rico Homestead Protection Act

The court recognized that Article 6 of the Homestead Protection Act provides that the homestead protection "shall continue after the death of any of the spouses for the benefit of the surviving spouse, so long as he/she continues to occupy the homestead . . . ." Id. at *44 (quoting P.R. Laws Ann. tit. 31, § 1858c). This provision, the court stated, "was designed . . . to protect the surviving spouse from heirs that could leave the surviving spouse without a homestead," id. at *54, and the protections it affords to a surviving spouse are "independent of the hereditary rights of the heirs under the Civil Code." Id. at *53. In other words, "the homestead protection passes to the surviving spouse that continues to occupy the same upon the death of his or her spouse, meaning that the surviving spouse receives the homestead protection by the disposition of this law, independently of the hereditary rights of the heirs pursuant to the Civil Code." Id. The court then ruled that "[t]he Home[stead] Protection Act affords the Debtor as a surviving spouse, the homestead right to protect the homestead against attachment, judgment, or

---

[2] The Puerto Rico Civil Code provides that a "widowed spouse shall be entitled to a quota, in usufruct, equal to the one which corresponds ad legitim sic to each one of his/her children or descendants not favored in the bequest." P.R. Laws Ann. tit. 31, § 2411. It also defines "usufruct" as "the right to enjoy a thing owned by another person . . . ." P.R. Laws Ann. tit. 31, § 1501; see also Vázquez-Rijos v. Anhang, 654 F.3d 122, 124 n.1 (1st Cir. 2011).

foreclosure for the payment of debts," id. at \*54, and therefore she could exempt the full value of

the Property due to the protections afforded her under the Homestead Protection Act.[3]

### 2. Avoidance of the Appellant's Judicial Lien

Turning to the lien avoidance question, the court identified the three factors under

§ 522(f)(1) for avoiding a judicial lien: (1) there was a fixing of a lien on an interest of the debtor

in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and

(3) the lien is a judicial lien. Id. at \*55-56. As there was no dispute that the lien in question was

a judicial lien, the bankruptcy court focused on the first two factors. Id. at \*56.

### (a) The Debtor's Property Interest

As to the first factor, the court concluded that "prior to the fixing of the judicial lien, the

Debtor held an interest in the property that she jointly co-owned with her late husband." Id. at

\*57. It reasoned:

> Even though[] the conjugal partnership is considered a separate entity with
> distinct personality, the husband and wife have equal participation as co-owners
> and co-administrators of all the community property without any distinctions as to
> shares. Thus, both spouses are indistinctly, the owners of the conjugal partnership
> property. This court concludes that at the moment the judicial lien attached to the

---

[3] As part of its analysis, the court considered Rivera García v. Hernández Sánchez, Property Registrar, 189 P.R. Dec. 628, 642 (2013), in which the Puerto Rico Supreme Court ruled that if real property is co-owned by multiple members of a hereditary community, then all of the members of the hereditary community must execute the homestead deed in order for the Property Registrar to register the same. The bankruptcy court determined that this case had "some marked differences" from Rivera García, namely, that both of the owners of the Property—the Debtor and her husband—had executed the homestead deed and there was no hereditary community insofar as an undivided 50% of the Property belonged to the Debtor and the remaining 50% was part of an unclaimed inheritance. Kersting I, 2017 Bankr. LEXIS 1695, at \*50-51.

real property, the Debtor had an ownership interest in the same.  Under the conjugal partnership regime, the real property was jointly owned by the spouses and as such the Debtor was a co-owner of the real property.

Id. at *61.[4]

The bankruptcy court also determined that the modification of the Debtor's property interest due to the dissolution of the conjugal partnership did not affect her ability to employ the lien avoidance mechanism afforded by § 522(f).  Id. at *66.  Quoting Laura B. Bartell, Extinguishment and Creation of Property Interests Encumbered by Liens–The Strange Legacy of Farrey v. Sanderfoot, 87 Am. Bankr. L.J. 375 (2013), the court noted: "Most courts conclude that, so long as the debtor had a pre-existing interest in property at the time the lien was affixed, the fact that the interest in the property held by the debtor at the time of the bankruptcy filing was a different interest does not affect the debtor's ability to avoid the lien."  Id. at *64.

---

[4]  The bankruptcy court distinguished this case from Farrey v. Sanderfoot, 500 U.S. 291, 292 (1991), where the U.S. Supreme Court held that a debtor could not use § 522(f)(1) to avoid the fixing of a lien on an interest he did not possess before the lien attached because a divorce decree simultaneously created the parties' interests in the property and the lien.  The bankruptcy court explained:

In the instant case, at the time the judicial lien attached to the real property, the real property was jointly owned by the Debtor and her husband.  The Debtor held an ownership interest over the real property before the lien attached. . . .  Unlike[] Farrey v. Sanderfoot, in this case the lien did not attach to newly-created property interests.  The nature of the Debtor's ownership interest in the real property for lien avoidance purposes, namely when the lien attached, is the same ownership interest that she has at the time she requested the homestead exemption.  The Debtor's ownership interest stems from a real property that she jointly owned under the conjugal partnership regime with her husband and due to the passing away of Debtor's husband, the conjugal partnership was dissolved.  Pursuant to the Civil Code (state law) the surviving spouse (the Debtor) is entitled to receive one-half of the property acquired during the marriage.

Kersting I, 2017 Bankr. LEXIS 1695, at *62-63.  Thus, the court concluded, "the Farrey v. Sanderfoot holding is inapplicable to the instant case because the Debtor held a pre-existing interest in the property to which Creditor's judicial lien attached."  Id. at *63 (citation omitted).

### (b) Impairment of Homestead Exemption

The bankruptcy court also examined whether the judicial lien impaired the Debtor's homestead exemption. Considering the value of the Property, the amount of secured claims listed in the Debtor's bankruptcy schedules, and the homestead protection afforded a surviving spouse under the Homestead Protection Act, the court concluded that the Debtor could avoid the Appellant's judicial lien in its entirety under § 522(f). Id. at *70-71. The court explained:

> [T]he judicial lien ($78,188.07) in addition to the mortgage claim ($20,520.98) over the residential property and the amount of the homestead exemption ($115,000) that the debtor could claim if there were no liens on the property exceeds the value of the debtor's interest in the real property. The Debtor has at all relevant times, used the property exclusively as her principal residence. Thus, fixing percentages based on ownership rights is inapposite. Compare with In re Veguilla Navarro, 504 B.R. 316 (Bankr. D.P.R. 2014); [s]ee also[] In re Otero Nazario, 533 B.R. 1 (Bankr. D.P.R. 2015), holding that debtor was entitled to claim the homestead exemption in full even if part of the principal residence was leased. Consequently, the Debtor may avoid Creditor's judicial lien in its entirety under [§] 522(f).

Id. at *71.

### D.      Motion for Reconsideration

The Appellant filed a motion seeking reconsideration of the Lien Avoidance Order under Bankruptcy Rules 9023 and/or 9024 (the "Motion for Reconsideration"). He raised many of the same arguments presented below, namely that: (1) the Debtor could not exempt the Property under Puerto Rico law unless "the inheritance property" was property of the estate; and (2) as the Debtor had not accepted the inheritance, the 50% of the Property that belonged to the probate estate was not part of her bankruptcy estate and could not be exempted.[5] In support, the

---

[5] The Appellant also argued that the bankruptcy court's jurisdiction was limited by the "probate exception," which provides that the probate court is the exclusive forum to identify the heirs of the probate estate. In denying reconsideration, the bankruptcy court found that the probate exception was not applicable as there were no simultaneous probate proceedings and as the court had not decided who were

10

Appellant cited In re Burgos Rivera, 544 B.R. 475 (Bankr. D.P.R. 2016), for the proposition that undivided inheritance property is not part of the bankruptcy estate and, therefore, cannot be exempted under the Homestead Protection Act.

Additionally, the Appellant argued that the lien should only be partially avoided, citing Nelson v. Scala, 192 F.3d 32 (1st Cir. 1999) (holding that the lien impairment test under § 522(f)(2)(A) should not be applied mechanically and where a debtor holds a fractional interest in property, the lien should be avoided only to the extent necessary to preserve the exemption over the debtor's fractional interest). He contended that the value of the Debtor's 50% interest in the Property was $57,500 and the lien should only be avoided to that extent.

### E.    Debtor's Objection to Motion for Reconsideration

The Debtor opposed the Motion for Reconsideration, reasserting that she could exempt the full value of the Property due to the rights afforded her as a surviving spouse under the Homestead Protection Act. She further contended that her "usufruct right and interests obliged her to seek full, not partial avoidance, because failure to do so would see her usufruct interests impaired by the Creditor's judicial lien."

### F.    Order Denying Reconsideration

On September 19, 2019, the bankruptcy court entered an Opinion and Order denying the Motion for Reconsideration (the "Order Denying Reconsideration"). In re Kersting, No. 15-06919 (ESL), 2019 Bankr. LEXIS 2919 (Bankr. D.P.R. Sept. 19, 2019) ("Kersting II"). The court rejected the Appellant's argument that the Debtor was not entitled to the homestead protection afforded to a surviving spouse under the Homestead Protection Act because she did

---

the heirs of the probate estate. The Appellant does not challenge the bankruptcy court's ruling relating to the probate exception on appeal and, therefore, the issue is not before us.

not own 100% of the Property. To distinguish the cases cited by the Appellant, the court reiterated that the Debtor in this case had an undivided ownership interest in one-half of the Property after her husband's death, as well as the homestead protection to which she was entitled under Puerto Rico law. Id. at *20-25. The court also rejected the Appellant's argument that his lien should be partially avoided because the Debtor only owned a fraction of the Property. Id. at *25-27. It concluded that the Appellant's reliance on Nelson v. Scala was "misplaced," as that case did not involve the unique intersection between Puerto Rico estate and homestead law presented here. Id. at *27. For these reasons, the bankruptcy court held that the Appellant had not established a manifest error of law, that there was an intervening change in the controlling law, or newly discovered evidence which would warrant reconsideration. Id. at *28.

This appeal followed. On appeal, the parties reiterate the arguments they presented to the bankruptcy court.

## APPELLATE JURISDICTION

We have jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a)-(b); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020); Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015). "Orders granting or denying exemptions are appealable as final orders under 28 U.S.C. § 158." Hull v. Rockwell, 610 B.R. 1, 9 (D. Me. 2019) (citation omitted); see also Garcia Matos v. Oliveras Rivera (In re Garcia Matos), 478 B.R. 506, 511 (B.A.P. 1st Cir. 2012) (citation omitted). Likewise, "a bankruptcy court order granting lien avoidance is a final order." Ross v. Garcia (In re Garcia), 532 B.R. 173, 181 (B.A.P. 1st Cir. 2015) (citations omitted). "Although an order denying summary judgment is typically not a final order, it is appropriate to consider the appeal of such an order when it is

12

evident that the litigation has ended." Porst v. Deutsche Bank Nat'l Trust Co. (In re Porst), BAP No. MW 12-080, 2013 WL 7118196, at *2 (B.A.P. 1st Cir. Nov. 20, 2013) (citing Pro Fin., Inc. v. Spriggs (In re Spriggs), 219 B.R. 909, 911 (B.A.P. 10th Cir. 1998)).  Similarly, an order denying reconsideration is final if the underlying order is final and, together, the orders end the litigation on the merits.  See, e.g., Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 495 (B.A.P. 1st Cir. 2016) (citation omitted).

Here, the Lien Avoidance Order, together with the Order Denying Reconsideration, ended the dispute between the parties as to the Debtor's claimed homestead exemption and the avoidance of the Appellant's judicial lien.  Under the above standards, these orders are final, and we have jurisdiction to hear this appeal.

## STANDARD OF REVIEW

The Lien Avoidance Order raises questions of law which are subject to de novo review. See In re Garcia, 532 B.R. at 181 (whether a judicial lien is subject to avoidance under § 522(f) is a question of law which the Panel reviews de novo) (citations omitted); In re Porst, 2013 WL 7118196, at *2 (orders denying summary judgment are subject to de novo review) (citations omitted); Hildebrandt v. Collins (In re Hildebrandt), 320 B.R. 40, 43 (B.A.P. 1st Cir. 2005) (a debtor's entitlement to a bankruptcy exemption is a question of law that is subject to de novo review) (citations omitted).  An order denying reconsideration is reviewed for abuse of discretion.  Rosado Ramos v. Ortiz Negron (In re Rosado Ramos), 498 B.R. 401, 403 (B.A.P. 1st Cir. 2013) (citation omitted).

**DISCUSSION**

## I.     Applicable Standards

Because the exemption and lien avoidance issues presented in this appeal were decided by the bankruptcy court in the context of a motion for summary judgment, we begin with the applicable standard governing summary judgment.

### A.     The Summary Judgment Standard

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056" which "incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure."[6] Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir. 1994) (citations omitted).  Summary judgment is warranted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Soto-Rios v. Banco Popular de P.R., 662 F.3d 112, 115 (1st Cir. 2011) (citations omitted).

Here, the bankruptcy court found that the material facts were undisputed but concluded the Appellant was not entitled to judgment as a matter of law.  We agree that there were no issues of material fact.  And as discussed below, we conclude that the bankruptcy court did not err in ruling that the Debtor could exempt the full value of her homestead and avoid the judicial lien which impaired that exemption.  It follows therefore that the Appellant was not entitled to judgment as a matter of law and the court correctly denied his request for summary judgment.

---

[6]  A motion to avoid a lien under § 522(f) is a contested matter, see Fed. R. Bankr. P. 4003(d), and Bankruptcy Rule 7056 is applicable in contested matters pursuant to Bankruptcy Rule 9014(c).  See Fed. R. Bankr. P. 9014(c).

### B. Property of the Estate and Exemptions, Generally

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); see also Owen v. Owen, 500 U.S. 305, 308 (1991). This provision is "construed broadly." Abboud v. Ground Round, Inc. (In re Ground Round, Inc.), 482 F.3d 15, 17 (1st Cir. 2007) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 & n.9 (1983)). "[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) (citation omitted), abrogated on other grounds by Law v. Siegel, 571 U.S. 415 (2014).

Section 522, however, allows a debtor to claim that certain interests in property are exempt from the estate. See 11 U.S.C. § 522. "Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts." In re Williams, 515 B.R. 395, 399 (Bankr. D. Mass. 2014) (quoting Owen, 500 U.S. at 308). "Exemptions are an integral and fundamental component of a debtor's fresh start and thus are liberally construed." Santiago Vélez v. Pérez León (In re Pérez León), Adv. Pro. No. 13-00040 (ESL), 2013 WL 5232331, at *4 (Bankr. D.P.R. Sept. 16, 2013) (citations omitted). Exemptions are determined as of the date the petition is filed. Pasquina v. Cunningham (In re Cunningham), 513 F.3d 318, 324 (1st Cir. 2008). "The burden is on the party objecting to exemptions to prove, by a preponderance of evidence, that the exemption cannot be claimed." Yerian v. Webber (In re Yerian), 927 F.3d 1223, 1227 (11th Cir. 2019) (citations omitted) (internal quotation marks omitted); see also Fed. R. Bankr. P. 4003(c). Section 522(b)(1) allows the debtor to choose between the federal bankruptcy exemptions set forth in § 522(d), or the exemptions available

under state and federal non-bankruptcy law.  <u>See</u> 11 U.S.C. § 522(b)(1); <u>see also</u> <u>In re Cunningham</u>, 513 F.3d at 323.  The Debtor elected the Puerto Rico exemption scheme.

### C.      The Puerto Rico Homestead Exemption

"In Puerto Rico, among the exemptions that may be claimed is the homestead exemption over a debtor's principal residential property under the Puerto Rico Home[stead] Protection Act."  <u>Mendez Garcia v. Rushmore Loan Mgmt. Servs.</u>, No. 17-2345 (ADC), 2018 WL 4677669, at *4 (D.P.R. Sept. 28, 2018); <u>see also</u> P.R. Laws Ann. tit. 31, §§ 1858-1858k.  The Homestead Protection Act is intended "to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings." <u>Mendez Garcia</u>, 2018 WL 4677669, at *5 (citation omitted).  Accordingly, in Puerto Rico, "[h]omestead exemptions are to be construed liberally on behalf of the homesteader."  <u>In re Estrada Lopez</u>, No. 12-09126 ESL, 2013 WL 3490920, at *3 (Bankr. D.P.R. July 10, 2013) (citing, among others, <u>Garran v. SMS Fin. V, LLC (In re Garran)</u>, 338 F.3d 1, 6 (1st Cir. 2003)).

Article 3 of the Homestead Protection Act establishes the general right to a homestead in Puerto Rico as follows:

> Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

P.R. Laws Ann. tit. 31, § 1858.  Thus, an individual is entitled to homestead protection if: (1) the individual owns the property over which the homestead right is being claimed; and (2) the individual or the individual's family occupies the property as a principal residence.  <u>See</u> <u>Oliveras Rivera v. Otero Nazario</u>, 610 B.R. 414, 417 (D.P.R. 2020) (citing P.R. Laws Ann. tit. 31, § 1858).  The homestead right "protect[s] properties against attachment, judgment, or

16

foreclosure for the payment of all debts, except for those debts established as exceptions in § 1858a of this title." P.R. Laws Ann. tit. 31, § 1858b. The prior version of the Homestead Protection Act limited such protection to $15,000, but now there is no limit.[7] See In re Naveira Melendez, No. 10-05297 (ESL), 2014 WL 4656516, at *1 (Bankr. D.P.R. Sept. 16, 2014) (comparing the current Homestead Protection Act with the prior version, the Homestead Protection Act No. 87 of May 13, 1936, as amended, P.R. Laws Ann. tit. 31, §§ 1851-1857).

There are two ways in which property owners can assert their homestead right under the Homestead Protection Act: (1) "by declaring it in the purchase deed upon acquisition of the property"; or (2) "if the property has already been recorded with the Property Registry of Puerto Rico in the name of the homestead claimant, by 'executing a declaration before a notary public stating that the parcel is covered by homestead protection.'" Mendez Garcia, 2018 WL 4677669, at *6 (quoting P.R. Laws Ann. tit. 31, § 1858f).

Here, there is no dispute that the Debtor and her husband had a valid homestead at the time of his death insofar as they co-owned the Property, occupied it as their principal residence, and properly filed a homestead deed. See P.R. Laws Ann. tit. 31, § 1858.

---

[7] The Appellant argues that, because he commenced his local court lawsuit prior to the enactment of the Homestead Protection Act on September 13, 2011, the prior version of the Act was applicable, and the Debtor's homestead exemption was limited to $15,000. The Appellant ignores, however, that his lien did not arise until the judgment was presented for recording on January 5, 2012, after the Homestead Protection Act was enacted. Moreover, even if the lien predated the enactment of the Homestead Protection Act, it would be immaterial to the question at hand. "[I]t is a basic principle of bankruptcy law that exemptions are determined when a petition is filed." In re Cunningham, 513 F.3d at 324 (citations omitted). The Homestead Protection Act was in effect both when the Debtor and her husband recorded the homestead deed and when the Debtor filed her bankruptcy petition and, therefore, it is applicable here. See In re Sosa Santiago, No. 14-08430 BKT, 2015 WL 4399481, at *2-3 (Bankr. D.P.R. July 17, 2015).

### D. Avoidance of Judicial Liens

"The Bankruptcy Code provides every debtor with a personal power to avoid certain types of liens that would impinge upon interests that the debtor would otherwise be entitled to claim as exemptions from the bankruptcy estate." E. Cambridge Sav. Bank v. Silveira (In re Silveira), 141 F.3d 34, 35 (1st Cir. 1998) (citing 11 U.S.C. § 522(f)(1)). "Since a judicial lien attached to property is a liability *in rem*, it is not routinely discharged at the conclusion of the bankruptcy case." In re Garran, 338 F.3d at 5 (citation omitted). "However, because judicial liens may interfere with the 'fresh start' the Bankruptcy Code seeks to give debtors, such liens may be avoidable under a separate provision of the Bankruptcy Code, § 522(f)." Id.

Section 522(f)(1)(A) provides, with certain exceptions not applicable here, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)], if such lien is . . . a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A); see also In re Garran, 338 F.3d at 5. Applying this statutory language, the First Circuit has held that "a debtor may avoid the fixing of a judicial lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding), 475 F.3d 428, 431 (1st Cir. 2007) (citation omitted). Ordinarily, the movant "bears the burden of proof to establish that a lien is avoidable." In re Carpenter, 559 B.R. 551, 555 (Bankr. D.R.I. 2016) (citing McNeilly v. Geremia (In re McNeilly), 249 B.R. 576, 579 (B.A.P. 1st Cir. 2000)). But "when the grounds for an objection to lien avoidance rest upon a challenge to the debtor's claimed homestead exemption, Bankruptcy Rule 4003(c) shifts that

18

burden to the [objector]" to prove that the exemption is not properly claimed. Id. (footnote omitted); see also Fed. R. Bankr. P. 4003(c).

Having set forth the applicable standards, we turn now to the merits of this appeal.

**II.     The Bankruptcy Court Did Not Err in Ruling that the Debtor Was Entitled to Exempt the Full Value of Her Homestead**

The Appellant's primary argument on appeal is that the Debtor could not exempt the full value of the Property because she only owned 50% of the Property. The other 50% ownership interest, the Appellant claims, belonged to the probate estate and could not be exempted.

Although exemptions are to be construed liberally in favor of the debtor, they also "must be considered within the context of what would otherwise be property of the bankruptcy estate . . . . " Hull, 610 B.R. at 9 (citation omitted). Therefore, we consider whether the Debtor had an interest in the Property at the time she filed her bankruptcy petition, and, if so, whether she was entitled to exempt the full value of the Property. It is well established that property rights in bankruptcy are created, defined, and determined by state law. See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 451 (2007) (citing Butner, 440 U.S. at 55); see also In re Ground Round, Inc., 482 F.3d at 17 (stating that the existence and extent of a debtor's interest in property is a "creature of state law"). Accordingly, we look to the laws of Puerto Rico.

**A.     The Debtor's Interest in the Property**

**1. The Conjugal Partnership and Community Property**

Under Puerto Rico law, a conjugal partnership is created at "the moment that the marriage is celebrated and is a separate and distinct entity from the individual spouses." Ortiz Ortiz v. Ramos Perez (In re Ortiz Ortiz), Adv. Pro. No. 09-00115 BKT, 2011 WL 5509080, at *3 (Bankr. D.P.R. Nov. 10, 2011) (citing P.R. Laws Ann. tit. 31, § 3622, and Fernandez–Cerra v.

Commercial Ins. Co. of Newark, 344 F. Supp. 314, 316 (D.P.R. 1972)).  Generally, all property acquired during the marriage is property of the conjugal partnership.  In re Diaz Collazo, 524 B.R. 431, 435 (Bankr. D.P.R. 2015) (citing P.R. Laws Ann. tit. 31, § 3647).  However, although the conjugal partnership is a separate legal entity, both spouses are "owners in equal parts to all [property] obtained during the marriage."  Morales Figueroa v. Valdes, No. 15-1365 (DRD), 2016 WL 1171512, at *5 (D.P.R. Mar. 24, 2016) (citing Montalván v. Rodríguez, 161 P.R. Dec. 411, 420 (2004)).

The record reflects that the Debtor and her husband purchased the Property during their marriage and, as a result, the Property constituted property of their conjugal partnership which both spouses owned equally during their marriage.  Therefore, despite the Appellant's assertion to the contrary, the Debtor co-owned the Property both at the time the Appellant's judicial lien was fixed in January 2012, and when the Debtor and her husband recorded their homestead deed in August 2012.  However, as discussed below, the Debtor's ownership interest in the Property changed when her husband passed away in 2014.

### 2. Interests of Surviving Spouse

A conjugal partnership is "dissolved" or terminated by the death of a spouse.  In re Diaz Collazo, 524 B.R. at 435 (citing P.R. Laws Ann. tit. 31, § 3681).  "Upon the dissolution of the marriage, by death or otherwise, th[e] conjugal partnership is liquidated and the husband and wife or their heirs are entitled to one half of all the property earned [or acquired] by both during the marriage[.]"  Fernandez-Cerra, 344 F. Supp. at 316 (citing P.R. Laws Ann. tit. 31, § 3621).  Accordingly, when a spouse dies and the conjugal partnership is dissolved, the surviving spouse retains an undivided 50% ownership interest in the property of the conjugal partnership.

In re Ortiz, 2011 WL 5509080, at \*4 (citing López Valdés v. Superior Court, 96 P.R. Dec. 779 (1968)).  That portion of the community property which a surviving spouse receives from the conjugal partnership "comes by virtue of ownership, not inheritance." Delgado v. Bowen, 651 F. Supp. 1320, 1322 (D.P.R. 1987).  When the conjugal partnership dissolved upon Mr. Kersting's death in 2014, the Debtor, as the surviving spouse, retained an undivided 50% ownership of the marital property which included the Property.  That interest is property of the estate.  11 U.S.C. § 541(a)(1).

"As an additional benefit, the surviving spouse is entitled by Puerto Rico law to a hereditary portion of the deceased spouse's estate" called "the 'usufructo viudal.'"  Delgado, 651 F. Supp. at 1322 (citing P.R. Laws Ann. tit. 31, §§ 2411–2416).  The surviving spouse, therefore, receives both an undivided ownership interest in half of the community property as well as "a quota, in usufruct, which covers all properties in the estate in the corresponding portion of its proceeds, and until commutation, substitution, or conversion of surviving spouse's share is accomplished, the entire estate is encumbered by obligation to pay such share."  In re Ortiz, 2011 WL 5509080, at \*4 (citing P.R. Laws Ann. tit. 31, § 2411, and Calimano Díaz v. Rovira Calimano, 113 P.R. Dec. 702 (1983)).

Accordingly, upon her husband's death, the Debtor held a right to a quota in usufruct in the probate estate, which included the remaining 50% of the Property.  Her usufruct interest is property of the estate.  See 11 U.S.C. § 541(a); see also In re Horned Dorset Primavera, Inc., No. 15-03837 (ESL), 2018 WL 3629952, at \*10 (Bankr. D.P.R. July 27, 2018) (stating that a usufruct is a legal interest in real property which constitutes property of the bankruptcy estate under § 541).

21

**B.      The Debtor's Homestead Exemption**

Article 6 of the Homestead Protection Act specifically provides that, under certain circumstances, homestead rights shall continue after death. "The protection established in § 1858b of this title shall continue after the death of any of the spouses for the benefit of the surviving spouse, so long as he/she continues to occupy the homestead, and after the death of both spouses for the benefit of their children until the youngest reaches legal age." P.R. Laws Ann. tit. 31, § 1858c. "Hence, Article 6 explicitly protects a surviving spouse's right to claim the homestead right over his or her principal residence upon the death of his or her spouse." In re Burgos Rivera, 544 B.R. at 490. This "homestead protection may continue for [the] surviving spouse so long as she continues to occupy the homestead." In re Caraballo Velez, No. 14-07269 EAG, 2015 WL 4366023, at *2 (Bankr. D.P.R. July 15, 2015) (citing P.R. Laws Ann. tit. 31, § 1858c).

As the bankruptcy court explained below, the protections this statute affords to a surviving spouse are "independent of the hereditary rights of the heirs under the Civil Code." Kersting I, 2017 Bankr. LEXIS 1695, at *53. In other words, "the homestead protection passes to the surviving spouse that continues to occupy the same upon the death of his or her spouse, meaning that the surviving spouse receives the homestead protection by the disposition of this law, independently of the hereditary rights of the heirs pursuant to the Civil Code." Id. (quoting Efraín González Tejera, Derecho de Sucesiones, T. 1: La sucesión intestal, 361-362, San Juan (Universidad de P.R. ed., 2001)). "Article 6 of the Home[stead] Protection Act was designed (created as a protective legal mechanism) to protect the surviving spouse from heirs that could leave the surviving spouse without a homestead." Id. at *54.

22

Puerto Rico law protects a surviving spouse without regard to ownership rights. That the Debtor's ownership interest in the Property may be less than 100% is immaterial to her right to the homestead protection afforded to her as a surviving spouse under Puerto Rico law. Upon the death of a spouse, the homestead protections under the Homestead Protection Act continue for the benefit of the surviving spouse, "so long as he/she continues to occupy the homestead." P.R. Laws Ann. tit. 31, § 1858c. Based on the plain language of the statute, the only requirement for the continued protection under a valid homestead is that the surviving spouse reside at the Property. See id.; see also In re Caraballo Velez, 2015 WL 4366023, at *2 (stating that under § 1858c, so long as the surviving spouse continues to occupy the homestead, the homestead protection will continue). Accordingly, surviving spouses are entitled to claim the full homestead exemption allowed under the Homestead Protection Act regardless of their ownership interests in the property. See Burgos Rivera, 544 B.R. at 490 (recognizing in dicta that if debtor, who had no ownership interest in property, were a surviving spouse rather than a descendent of the decedent, the homestead protection afforded under P.R. Laws Ann. tit. 31, § 1858c would be applicable). Here, it is undisputed that the Debtor and her husband had a valid homestead at the time of his death and that she continued to occupy the Property as her residence after his death. As such, she could claim the full amount of the statutory homestead exemption to which she was entitled under Puerto Rico law. See generally In re Dufour, No. 15-11392, 2015 WL 5999657, at *2 (Bankr. E.D. La. Oct. 14, 2015) (determining that surviving spouse was entitled to claim the entire homestead exemption to which she was entitled under state law where she had an undivided ownership interest in half of the property plus a usufruct interest in the other half of the property that belonged to her deceased husband's heirs, who were their adult children). And her Puerto Rico homestead exemption rights include the right to protect the Property from

23

attachment, judgment, or foreclosure for the payment of debts.  See P.R. Laws Ann. tit. 31, §§ 1858b and 1858c.  This outcome is consistent with the established policy behind the Puerto Rico homestead exemption, which is intended "to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings," Mendez Garcia, 2018 WL 4677669, at *5 (citation omitted), and requires courts to construe homestead exemptions "liberally on behalf of the homesteader."  In re Estrada Lopez, 2013 WL 3490920, at *3.  To hold otherwise would be to deprive the Debtor of the protections to which she is entitled under Puerto Rico law.

Based on the foregoing, we conclude that the bankruptcy court did not err in determining the Debtor was entitled to exempt the full value of the Property.

**III.     The Bankruptcy Court Did Not Err in Ruling that the Debtor Was Entitled to Avoid the Judicial Lien in its Entirety**

As discussed above, under § 522(f)(1)(A), a debtor may avoid the fixing of a judicial lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien.  In re Wilding, 475 F.3d at 431.  The parties agree that the Appellant's lien constitutes a judicial lien.  Accordingly, our focus is on the first two requirements.

**A.       The Fixing of a Lien on an Interest of the Debtor in Property**

The fundamental question under the first element of § 522(f)(1) is whether the property encumbered by the subject lien was "property of the debtor" *at the time of the fixing of the lien* upon such property.  Culver, LLC v. Chiu (In re Chiu), 304 F.3d 905, 908 (9th Cir. 2002) (citations omitted); see also Farrey, 500 U.S. at 295 (ruling that debtor must have had an interest

24

in property at the time the lien attached in order to avoid the fixing of a judicial lien under § 522(f)(1)).

As discussed above, the record reflects that the Kerstings purchased the Property in 1987 during their marriage and, as a result, the Property constituted property of their conjugal partnership. As members of the conjugal partnership, the Debtor and her husband were both "owners in equal parts to all [property] obtained during the marriage," including the Property. Morales Figueroa, 2016 WL 1171512, at *5. Therefore, the Debtor had an ownership interest in the entire Property at the time the Appellant's judicial lien was fixed in 2012, and the first element required for lien avoidance under § 522(f)(1) is met.

The fact that the Debtor's ownership interest in the Property had changed at the time she filed the petition does not affect this analysis. See Bartell, supra, at 10 ("There is nothing in § 522(f)(1) that mandates an identity between the debtor's interest in this exempt estate property at the time of the bankruptcy filing . . . and the debtor's interest in property to which the lien was originally affixed . . . ."). "Most courts conclude that, so long as the debtor had a pre-existing interest in property at the time the lien was *affixed*, the fact that the interest in the property held by the debtor at the time of the bankruptcy filing was a different interest does not affect the debtor's ability to avoid the lien." Id. at 6 (emphasis added); see also Chiu, 304 F.3d at 909 (holding that so long as the debtor had an interest in the property when the lien was affixed, a subsequent conveyance had no effect on a motion under § 522(f) to avoid the judicial lien); Unifund C.C.R. Partners v. Sheckard (In re Sheckard), 394 B.R. 56, 64 (E.D. Pa. 2008); In re Krantz, No. BR 10-28557, 2012 WL 6028846, at *4 (Bankr. D. Utah Nov. 29, 2012) ("Because § 522(f) serves to undo the 'fixing' of a lien, the Court looks to the time period the lien fixed . . . to determine the Debtors' interest in the Property."); In re Orr, 304 B.R. 875, 877 (Bankr. S.D.

25

Ill. 2004) (same); but see In re Sizemore, 177 B.R. 530, 531 (Bankr. E.D. Ky. 1995) (holding

that debtor cannot take advantage of § 522(f) after debtor has transferred his exempt property).

Accordingly, as the Debtor had a pre-existing interest in the Property at the time the lien

affixed, the first element under § 522(f)(1) is satisfied.

### B. The Lien Impairs an Exemption to which the Debtor Would Have Been Entitled

To determine whether the lien impairs the Debtor's homestead exemption, we turn to

§ 522(f)(2)(A), which provides:

> For the purposes of this subsection, a lien shall be considered to impair an
> exemption to the extent that the sum of—
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no
>     liens on the property;
> exceeds the value that the debtor's interest in the property would have in the
> absence of any liens.

11 U.S.C. § 522(f)(2)(A). "The statute determines whether a lien impairs an exemption 'by way

of a simple equation.'" In re Garcia, 532 B.R. at 183 (citations omitted). "[T]he extent to which

a lien may be avoided may be easily computed once four variables are determined: (1) the

amount of the lien in question; (2) the sum of all other liens on the property; (3) the amount of

the debtor's exemption; and (4) the value of the subject property." Id. (citation omitted). The

"petition date is the operative date for determining the various § 522(f) calculations." Id.

(quoting In re Wilding, 475 F.3d at 432). However, "[a]voidance of judicial liens under § 522(f)

is not an 'all-or-nothing matter'; a debtor is permitted to avoid only that portion of the judicial

lien that infringes upon the exemption to which he is entitled." Garran, 338 F.3d at 5 (citing In

re Silveira, 141 F.3d at 35-36).

26

Here, the Debtor stated in her bankruptcy schedules that two liens encumber the Property—the Appellant's $78,188.07 judicial lien and a $20,520.98 mortgage. The Debtor asserts, and the Appellant does not appear to dispute, that the value of the Property is $115,000. As the Debtor is entitled to exempt the full value of the Property under the Homestead Protection Act, the amount of the homestead exemption is $115,000. The Debtor's interest in the Property is at least one-half of the $115,000 value disclosed, thus the value of her interest in the Property (absent any liens) is at least $57,500. The judicial lien, the mortgage lien, and the amount of the homestead exemption total $213,709.05, which exceeds the value of the Debtor's interest in the real property by $156,209.05. Thus, the Appellant's judicial lien impaired the Debtor's homestead exemption. The Appellant does not contend that the mathematical formula was misapplied.

Instead, the Appellant contends that application of the formula results only in avoidance of the lien as to the Debtor's 50% direct ownership interest in the Property, but not avoidance of the lien as it may relate to the 50% interest currently "owned" by the probate estate ("hereditary patrimony") of the Debtor's deceased husband. After considering the nature of the Debtor's interest in the Property prior to the death of her husband; her undivided one-half interest in the Property after his death and the dissolution of the conjugal partnership; her usufruct interest in the hereditary patrimony (which includes a one-half interest in the Property and which the bankruptcy court described to be in "juridical limbo"[8]); and the rights afforded the Debtor by

---

[8] In the Lien Avoidance Order, the bankruptcy court described the hereditary patrimony as being in "juridical limbo" as the Debtor's children had ineffectively attempted to repudiate their interest and as the Debtor had not accepted her inheritance. In the Order Denying Reconsideration, the bankruptcy court noted: "The probate proceedings have been finalized and it appears that the Debtor is the universal heir of the estate of Mr. Larry Fritz Kersting and the parties have not made the court aware whether there are any heirs ("herederos forzosos") that have contested this matter." Kersting II, 2019 Bankr. LEXIS 2919, at *20.

27

Article 6 of the Homestead Protection Act, we conclude that the Appellant's judicial lien as it has attached to the Property impairs the homestead exemption provided by the Homestead Protection Act and would deprive her of the full benefits of that exemption as it relates to the aggregate of her rights and interests if it were not avoided in its entirety.

As discussed above, the Debtor and her husband were "owners in equal parts" of the Property through the conjugal partnership. See Morales Figueroa, 2016 WL 1171512, at *5 (citing Montalván, 161 P.R. Dec. at 420). As such, if her bankruptcy case had been filed while her husband was alive, the Debtor could have avoided the judicial lien completely. The legal nature of the Debtor's interest had changed after her husband's death to the amalgam of interests and rights held by the Debtor as of the petition date, but that does not prevent her from avoiding the lien in its entirety. Cf. In re Chiu, 304 F.3d at 908-09; Bartell, supra, at 6, 10-12. For a surviving spouse, the Puerto Rico homestead exemption protects the entire Property regardless of title ownership. See P.R. Laws Ann. tit. 31, § 1858c. Giving full effect to the homestead exemption promotes the Debtor's "fresh start." See In re Garran, 338 F.3d at 5 (allowing debtors to avoid certain judicial liens which impair their exemptions furthers the underlying "fresh start" policy of the Bankruptcy Code). After considering the unique facts of this case and the intricacies of applicable Puerto Rico law, we conclude that the bankruptcy court did not err in determining that the Appellant's judicial lien impaired an exemption to which the Debtor would have been entitled and, therefore, that the Debtor could avoid the Appellant's judicial lien in its entirety.

## IV.     The Bankruptcy Court Did Not Abuse its Discretion in Denying the Motion for Reconsideration

Because the Appellant filed the Motion for Reconsideration within 14 days of the issuance of the Dismissal Order, it is properly treated as a motion to alter or amend a judgment

under Bankruptcy Rule 9023, which makes Rule 59 applicable to bankruptcy proceedings. See Ramirez Rosado v. Banco Popular de P.R. (In re Ramirez Rosado), 561 B.R. 598, 607 (B.A.P. 1st Cir. 2017). It is well settled in the First Circuit that to prevail on a Rule 59(e) motion, the moving party must establish "a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted); see also Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Reconsideration of a previous order is "an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Ramirez Rosado, 561 B.R. at 607 (citation omitted) (internal quotation marks omitted). Thus, courts have "considerable discretion" in deciding whether to grant or deny a motion under the rule. Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán), 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)).

In the Order Denying Reconsideration, the bankruptcy court carefully addressed the arguments and supporting case law offered by the Appellant, and ultimately concluded there were no manifest errors of law, intervening changes of controlling law, or newly discovered evidence that would warrant the extraordinary relief of reconsideration. The Appellant has not demonstrated that the bankruptcy court erred in its interpretation of applicable law when it denied the Motion for Reconsideration or that the court reached erroneous legal conclusions when adjudicating the substantive legal controversy at hand. As such, the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.

29

## CONCLUSION

For the reasons set forth above, we conclude that the bankruptcy court did not err when it denied summary judgment, overruled the Objection to Exemption, and granted the Motion to Avoid Lien.  We also conclude the bankruptcy court did not abuse its discretion in refusing to reconsider its prior order.  We **AFFIRM** both orders on appeal.